Julio C. Gomez, Esq.
GOMEZ LLC ATTORNEY AT LAW
1451 Cooper Road
Scotch Plains, NJ 07076
Tel 908.789.1080
Fax 908.789.1081
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., PETER CORDI, RAELYNNE MILLER, KAYLA MATEO, ADRIANA PINTO, JAKE BOTHE, AND DOES 1-13, <br><br> *Plaintiffs*, <br><br> -against- <br><br> RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, BOARD OF GOVERNORS, RUTGERS SCHOOL OF BIOMEDICAL AND HEALTH SCIENCES, CHANCELLOR BRIAN L. STROM, PRESIDENT JONATHAN HOLLOWAY, in their official capacities. <br><br> *Defendants* | Case No. 3:21-cv-15333 <br> (ZNQ-TJB**)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65 REQUIRING DEFENDANTS TO COMPLY WITH THEIR OWN UNIVERSITY POLICY SECTION 10.3.14.**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…..………………………………………………..ii

STATEMENT OF FACTS …………………………………..…..……………1

STANDARD FOR A TEMPORATY RESTRAINING ORDER…..…………5

ARGUMENT …………………………………………………………………6

I.      PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS BECAUSE
        RUTGERS IS ACTING ARBITRARILY AND CAPRICIOUSLY BY
        DEVIATING FROM ITS OWN POLICY AND REQUIRING MS. PINTO
        TO TAKE A COVID VACCINE EVEN THOUGH HER COURSE OF
        STUDY IS FULLY REMOTE AND SHE WILL NOT SET FOOT ON
        CAMPUS …….…..……………………………………………………….6

II.     MS.   PINTO   IS   IRREPARABLY   HARMED   BECAUSE   HER
        CONSTITUTIONAL RIGHTS ARE BEING VIOLATED………………..9

III.   GRANTING   A   TEMPORARY   RESTRAINING   ORDER   WILL   HAVE
        LITTLE TO NO EFFECT ON THE DEFENDANTS……………………10

IV.     GRANTING A TEMPORARY RESTRAINING ORDER IS IN THE
        PUBLIC INTEREST……………………………………………………10

CONCLUSION …………………………………………………………..12

i

## TABLE OF AUTHORITIES

### Cases

*Albro v. County of Onondonga, New York,*
627 F. Supp. 1280 (N.D.N.Y. 1986) …………………………………………………….9

*Assisted Living Associates of Moorestown, L.L.C. v. Moorestown Township*,
996 F. Supp. 409 (D.N.J. 1998) …………………………………………………………5

*Cruzan v. Director, Missouri Dept. of Health*,
497 U.S. 261 (1990) ……………………………………………………………………6

*First Puerto Rican Festival of New Jersey, Inc. v. City of Vineland*,
108 F. Supp.2d 392 (D.N.J. 1998) ……………………………………………………5

*Fortune Society v. McGinnis,*
319 F. Supp 901 (S.D.N.Y. 1970) ……………………………………………………9

*Gorman v. Coogan*,
273 F. Supp. 2d 131 (D. Me. 2003) ……………………………………………………5

*Hohe v. Casey*,
868 F.2d 69, 72-74 (3d Cir. 1989) ……………………………………………………9

*Jacobson v. Massachusetts*,
197 U.S. 11 (1905) ……………………………………………………………………...6

*Long Term Care Pharmacy Alliance v. Ferguson*,
260 F. Supp. 2d 282 (D. Mass. 2002) …………………………………………………...5

*Mitchell v. Cuomo*,
748 F.2d 804 (2d Cir. 1984) ……………………………………………………………9

*Northern Penna Legal Services, Inc. v. County of Lackawana*,
513 F. Supp. 678 (M.D.Pa. 1981) ……………………………………………………9

*Philadelphia Vietnam Veterans Memorial Society v. Kenney,*
509 F. Supp. 3d 318, 327 (E.D.Pa. 2020) ……………………………………………9

*Schulz v. Unites States Boxing Assoc.*,
105 F.3d 127 (3d Cir. 1997) …………………………………………………….5

*Union Pacific R. Co. v. Botsford*,
141 U.S. 250 (1891) …………………………………………………………7

*Washington v. Harper*,
494 U.S. 210 (1990) …………………………………………………………7

*Westchester Legal Services, Inc. v. Westchester County*
607 F. Supp. 1379 (S.D.N.Y. 1985) …………………………………………9

Plaintiff Children's Health Defense, Inc. ("CHD") and Plaintiff Adriana Pinto ("Ms. Pinto") (collectively, "Plaintiffs"), through their undersigned attorney, respectfully request that this Court issue a temporary restraining order enjoining Defendants from enforcing Rutgers University Policy Section 10.3.14 (the "Policy"), which mandates COVID-19 vaccination, against Ms. Pinto in an arbitrary and capricious manner, by requiring her to get vaccinated for COVID-19 even though she is enrolled in a "fully remote" class schedule and will not set foot on campus, in violation of the Due Process Clause of the Fourteenth Amendment.

## STATEMENT OF FACTS

On or about January 22, 2021, Rutgers told the public and the student body that it would not mandate COVID-19 vaccination for students to return to campus for in-person instruction because it valued medical freedom. Verified Complaint ¶ 170.[1]

---

[1] In a video sent to students and staff, Rutgers Biomedical and Health Sciences Senior Vice Chancellor Vicente Gracias assured viewers that Rutgers would not mandate COVID-19 vaccines based upon a history and tradition at the University of promoting human liberty. Complaint ¶ 170. Vice Chancellor Gracias emphasized that education would serve as the driver for vaccination at Rutgers, not coercion, and that the University could rotate in-person schedules or attendance as an added safety measure to welcome students back to campus for in-person instruction. Complaint ¶ 170. Certain Plaintiffs relied on Rutgers' representation that it would not mandate COVID-19 vaccines in order to accept offers of admission to its colleges, avoid seeking transfers to other colleges and universities, or entertain other alternatives to in-person attendance. Complaint ¶ 171.

Two months later, on March 25, 2021, Rutgers reversed itself and announced that it would now mandate COVID-19 vaccines for all students in the Fall 2021 Semester.  Verified Complaint ¶ 173.

On April 13, 2021, Rutgers formally adopted policy section 10.3.14 entitled, "Interim COVID-19 Immunization Record Requirement for Students" (the "Policy"), which details the COVID-19 immunization record requirements for all Rutgers University students.  Verified Complaint ¶ 175; *see also* Ex. A to the Declaration of Counsel filed contemporaneously with this motion ("Counsel Decl.").

The Policy requires all students to present evidence of COVID-19 vaccination with one of the currently emergency-use authorized COVID-19 vaccines.  Verified Complaint ¶ 175.  Students are required to upload evidence of immunization to the online Rutgers Immunization Portal prior to arrival on campus.  Verified Complaint ¶ 175.

Rutgers' Policy exempts certain students from COVID-19 vaccination: (1) students who request and qualify for a medical exemption; (2) students who request and qualify for a religious exemption; and (3) students whose course of study is "fully remote" (the subject of this motion).

Rutgers' Policy reads, in pertinent part:

### II. Exemptions for Requirements

Other than the exceptions/exemptions listed below, this interim policy shall apply to every student matriculated or enrolled full-time or part-time in a Rutgers school or program, including joint and collaborative programs with other institutions, and to all visiting, exchange, and special-program students from other institutions.

A. Students whose entire course of study is entirely web-based, a fully online degree program, ***and/or fully remote***. To qualify, the student must have no physical presence on campus.

Rutgers Policy Section 10.3.14 (emphasis added) (Counsel Decl. Ex. A).

Additionally, there is no penalty or sanction provision expressed in the Policy for a student's failure to submit evidence of COVID-19 immunization. Verified Complaint ¶ 176; Counsel Decl. Ex. A.  Presumably, the privilege of attending Rutgers *in-person* is subject to compliance with the Policy.  Verified Complaint ¶ 176.  The Policy does not state that students will be expelled or disenrolled from Rutgers if they do not comply with the Policy; the Policy also does not state that students will be blocked from accessing their online accounts (known as NetID my.rutgers.edu accounts), or anything else, for noncompliance. Verified Complaint ¶ 176; Counsel Decl. Ex. A.

Nevertheless, on August 26, 2021, Rutgers began to penalize students who are exempt under the Policy (because they have enrolled in a "fully remote" class

schedule) by sending those students a misleading message that they are "Noncompliant" and by blocking them from their online accounts – which will prevent them from signing into classes on September 1, the first day of class at Rutgers.

Plaintiff Adriana Pinto is a senior at Rutgers, majoring in psychology with a minor in education. *See* Declaration of Adriana Pinto, ¶ 2, filed contemporaneously ("Pinto Decl."). Ms. Pinto is also a lifetime member of Plaintiff Children's Health Defense, Inc. Pinto Decl. ¶ 1. Ms. Pinto needs to take one final class to complete the coursework for her degree and qualify to graduate. Pinto Decl. ¶ 2. Ms. Pinto has not asserted a medical exemption to vaccination yet; she has not asserted a religious exemption to vaccination; relying on the express terms of Rutgers' Policy, Ms. Pinto enrolled in a fully remote schedule by registering to take the one last class she needs to graduate online, the class is Quantitative Methods. Pinto Decl., ¶¶ 2, 7-10.

On or about August 26, 2021, Rutgers blocked Ms. Pinto from her online account with a Notice stating that she is not compliant with the Policy and must upload evidence of COVID-19 vaccination. Pinto Decl. ¶ 9 and Ex. A and B. As a result, she cannot access her course schedule and she will not be able to log-in to her class on Monday, September 1, 2021, to start the final course she will need to graduate from college. Pinto Decl. 9-10, Ex. A and B.

## STANDARD FOR A TEMPORARY RESTRAINING ORDER

The requirements for a temporary restraining order are identical to the requirements for a preliminary injunction. *See Gorman v. Coogan*, 273 F. Supp. 2d 131, 133-34 (D. Me. 2003); *Long Term Care Pharmacy Alliance v. Ferguson*, 260 F. Supp. 2d 282, 288-89 (D. Mass. 2002). In both instances, injunctive relief is appropriate if the moving party demonstrates: "(1) a likelihood of success on the merits; and (2) the probability of irreparable harm if relief is not granted." *First Puerto Rican Festival of New Jersey, Inc. v. City of Vineland*, 108 F. Supp.2d 392, 394 (D.N.J. 1998) (quoting *Assisted Living Associates of Moorestown, L.L.C. v. Moorestown Township*, 996 F. Supp. 409, 433 (D.N.J. 1998) (citing *e.g., Schulz v. Unites States Boxing Assoc.*, 105 F.3d 127, 131 n. 6 (3d Cir. 1997). "In addition to these showings by the moving party, the Court must also consider: (3) the effect of the grant of preliminary relief on the non-moving party; and (4) whether the public interest will be served by the preliminary injunctive relief." *Id*. Each of these factors supports the entry of a temporary restraining order against Rutgers maintaining the status quo and requiring Rutgers to follow the language of its own Policy and exempt Ms. Pinto (and any other student) who has enrolled in fully-remote classes, from the requirement to get a COVID-19 vaccine, to remove the notices in their online accounts stating that these students are "noncompliant" and

to allow them full-access to their online accounts so that they can start classes on

Wednesday, September 1, 2021.

## ARGUMENT

**I.      PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS BECAUSE RUTGERS IS ACTING ARBITRARILY AND CAPRICIOUSLY BY DEVIATING FROM ITS OWN POLICY AND REQUIRING MS. PINTO TO TAKE A COVID VACCINE EVEN THOUGH HER COURSE OF STUDY IS FULLY REMOTE AND SHE WILL NOT SET FOOT ON CAMPUS.**

Ms. Pinto has a constitutionally guaranteed right to informed consent and to

refuse unwanted medical treatment under the Due Process Clause of the Fourteenth

Amendment.  *See Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 269

(1990) ("The principle that a competent person has a constitutionally protected

liberty interest in refusing unwanted medical treatment may be inferred from our

prior decisions.") (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 24-30 (1905)

("There is, of course, a sphere within which the individual may assert the

supremacy of his own will and rightfully dispute the authority of any human

government, especially of any free government existing under a written

constitution, to interfere with the exercise of that will").

In *Jacobson*, the Supreme Court held that mandatory vaccination must be

reasonable, necessary for public health, and proportional to the need. 197 U.S. at

27-33 ("if a statute purporting to have been enacted to protect the public health, the

public morals or the public safety, has no real or substantial relation to those

6

objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."). Later, in *Cruzan*, the Supreme Court held that a person has a liberty interest under the Due Process Clause in avoiding unwanted medical treatment that "must be determined by balancing his liberty interests against the relevant state interests." 497 U.S. at 279 (holding that bodily integrity embodies the requirement that informed consent is generally required for medical treatment); *see also*, *Washington v. Harper*, 494 U.S. 210, 221-222 (1990) (recognizing a "significant liberty interest in avoiding unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment"); *Union Pacific R. Co. v. Botsford*, 141 U.S. 250, 251 (1891) ("[n]o right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.").

In this case, exercising those rights, Ms. Pinto researched COVID-19 vaccines and elected not to take them because she has struggled with her health as a young adult, must adhere to strict requirements to stay healthy and does not want to undertake any unknown risk to her health from COVID-19 vaccines. Pinto Decl. ¶¶ 3-4. As a result, to protect herself and others from infection or

transmission of SARS-CoV-2, Ms. Pinto registered to take the sole class she needs to graduate remotely.  Pinto Decl. ¶¶ 7-8.

On or about August 26, 2021, contrary to the express language of its own Policy, Rutgers blocked Ms. Pinto's access to her online account because Rutgers considers her to be not in compliance with its Policy.  Pinto Decl. ¶ 9 and Ex. A and B.  As a result, she will be unable to log into her class via Zoom on September 1, 2021, and she will be effectively shut out from taking classes this semester.

Since there is no relationship – much less the "real or substantial relation" that *Jacobson* requires – between a policy mandating vaccination of students who will never set foot on campus and Rutgers' purported interest in protecting the public health of the Rutgers community, Rutgers' application of its Policy to Ms. Pinto (and other such students) is a "palpable invasion" of Ms. Pinto's rights.

Furthermore, by having a Policy that expressly states Ms. Pinto shall be exempt if she takes fully remote classes, and then taking action to block her from her account because she has not vaccinated anyway, Rutgers is acting arbitrarily and capriciously to deny Ms. Pinto her rights.  For these reasons, Ms. Pinto is likely to succeed on the merits of her Due Process Claim.[2]

---

[2] In their Verified Complaint, Ms. Pinto and the rest of the Plaintiffs in this case assert additional allegations that Rutgers' Policy violates due process for other additional reasons; those assertions are not the subject of the instant narrow motion but preserved for adjudication later in the course of this litigation.

**II.   MS. PINTO IS IRREPARABLY HARMED BECAUSE HER CONSTITUTIONAL RIGHTS ARE BEING VIOLATED.**

Violations of constitutional rights are irreparable harm *per se. See, e.g., Albro v. County of Onondaga, New York,* 627 F.Supp. 1280, 1287 (N.D.N.Y.1986) (Munson, C.J.) (*citing Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984); *Fortune Society v. McGinnis,* 319 F.Supp. 901, 903 (S.D.N.Y.1970)). *See also, Westchester Legal Services, Inc. v. Westchester County,* 607 F.Supp. 1379, 1382 (S.D.N.Y.1985) (violation of First Amendment rights constitutes irreparable harm *per se*); *Northern Penna. Legal Services, Inc. v. County of Lackawana,* 513 F.Supp. 678, 685 (M.D.Pa.1981).  In the Third Circuit, violations of constitutional rights can constitute irreparable harm per se when government directly penalizes someone for exercising their constitutional rights or creates a "chilling effect" on the free exercise of such rights.  *See Philadelphia Vietnam Veterans Memorial Society v. Kenney,* 509 F. Supp. 3d 318, 327 (E.D.Pa. 2020) (citing *Hohe v. Casey*, 868 F.2d 69, 72-74 (3d Cir. 1989)).  This concept should apply outside the First Amendment context.

Ms. Pinto is being irreparably harmed because Rutgers is coercing her to reverse the decision she made in the exercise of her right to informed consent and to refuse unwanted medical treatment.  It is a violation of Ms. Pinto's rights for Rutgers penalize her by blocking her from her account and from taking her class,

solely because she exercised these rights and chose not to vaccinate for COVID-19. Such violations of Ms. Pinto's constitutional rights are irreparable harm per se.

## III. GRANTING A TEMPORARY RESTRAINING ORDER WILL HAVE LITTLE TO NO EFFECT ON THE DEFENDANTS.

Defendants contend that their Policy was adopted for health and safety reasons, and to protect the Rutgers community. Plaintiffs dispute that assertion.[3] However, even if this Court were to take Rutgers at its word, a restraining order requiring Rutgers to follow the express terms of its own Policy, and exempt students who are "fully remote" will not impact Rutgers' purported health and safety concerns one iota, because Ms. Pinto (and other students like her) do not need to step foot on campus to continue their coursework and could not possibly contract or spread SARS-CoV-2 to anyone on campus.

## IV. GRANTING A TEMPORARY RESTRAINING ORDER IS IN THE PUBLIC INTEREST.

The public has an interest in the protection of constitutionally guaranteed civil rights. There is also a public interest in requiring public institutions to follow the dictates of their own policies. Public entities should act in a consistent and

---

[3] Upon information and belief, Plaintiff also alleged that Rutgers was motivated, at least in part, by financial gain since it is working with all three COVID-19 manufacturers to develop the Pfizer, Moderna and Johnson & Johnson vaccines. *See e.g.* Verified Complaint ¶¶ 8, 32, 33, 97, 103-117. Plaintiffs also allege in their verified complaint that Rutgers' Policy is not adequately tailored to achieve health and safety; it is overbroad and underinclusive. *See e.g.* Verified Complaint ¶¶ 252-287.

rational manner, not adopt policy and later arbitrarily take action that contradicts or conflicts with the policy adopted.  The public also has an interest in ensuring that mandates concerning COVID-19 have a "real and substantial relation," *Jacobson supra*, to the health and safety interests they purport to further.  As the Court knows, overbroad mandates (e.g. government ordered shutdowns and community lockdowns) can have devastating human and economic consequences.

More directly, at stake is every student's right to exercise informed consent and to refuse medical treatment guaranteed by the Due Process Clause of the Fourteenth Amendment.  The public has an interest in Ms. Pinto and every member of our society having the right to decide what medical treatment to undertake and to refuse unwanted treatment if they so choose.  *Cruzan*, *supra.*

In this case, Ms. Pinto exercised her rights, relied on Rutgers' representation that she would be exempt from COVID-19 vaccination if she enrolled in a "fully remote" schedule, and enrolled in an on-line "fully remote" class – the last class she needs to complete her requirements to graduate.  Ms. Pinto enrolled in a "fully remote" class in order to protect herself *and* the Rutgers community from any infection or transmission of SARS-CoV-2.

Rutgers does not seem to care that Ms. Pinto exercised her constitutional rights and made a responsible decision to enroll in a "fully remote" schedule.  For some unknown reason, Rutgers has decided to deviate from its own Policy and

11

block Ms. Pinto from her online account, presumably because it is dead set on forcing her take vaccines that it is helping to develop and manufacture. Verified Complaint ¶ __. It is in the public interest for this Court to protect Ms. Pinto's decision, which is guaranteed by the Fourteenth Amendment, and permitted under Rutgers' Policy, against the arbitrary and irrational conduct of Rutgers, and, order that Rutgers maintain the status quo, follow its Policy, and let her (and others like her) continue her coursework remotely, without COVID-19 vaccination, and complete her requirements to graduate.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court issue a temporary restraining maintaining the status quo and require Defendants to follow Rutgers University Policy Section 10.3.14 which exempts students enrolled in fully-remote classes, ordering Rutgers to lift the block on Ms. Pinto's account, and allowing her to attend her class remotely without COVID-19 vaccination.

Respectfully submitted.

August 30, 2021

GOMEZ LLC
ATTORNEY AT LAW
By: _s/ Julio C. Gomez_
      Julio C. Gomez, Esq.
1451 Cooper Road
Scotch Plains, NJ 07076
Tel 908.789.1080
Fax 908.789.1081
jgomez@gomezllc.com
*Attorney for Plaintiffs*

12