Julio C. Gomez, Esq.
GOMEZ LLC ATTORNEY AT LAW
1451 Cooper Road
Scotch Plains, NJ 07076
Tel 908.789.1080
Fax 908.789.1081
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., PETER CORDI, RAELYNNE MILLER, KAYLA MATEO, ADRIANA PINTO, JAKE BOTHE, AND DOES 1-13, <br><br> *Plaintiffs*, <br><br> -against- <br><br> RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, BOARD OF GOVERNORS, RUTGERS SCHOOL OF BIOMEDICAL AND HEALTH SCIENCES, CHANCELLOR BRIAN L. STROM, PRESIDENT JONATHAN HOLLOWAY, in their official capacities. <br><br> *Defendants* | Case No. 3:21-cv-15333 (ZNQ-TJB**)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECUSAL PURSUANT TO 28 U.S.C. § 544(a).**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…...…………….…………….……………..ii

STATEMENT OF FACTS AND LAW…………………..…..…………….…1

ARGUMENT …………………………………………………………………4

CONCLUSION ………………………………………………………………7

## TABLE OF AUTHORITIES

Cases

*Liteky v. U.S.*,
510 US 540 (1994) ...............................................................................................2, 3

*Potashnick v. Port City Const. Co.*,
609 F.2d 1101 (5th Cir. 1980),
rehearing denied 613 F.2d 314,
certiorari denied 449 U.S. 820 ............................................................................2, 3

*Webbe v. McGhie Land Title Co.*,
549 F.2d 1358 (10th Cir. 1977) ...........................................................................3, 5

Plaintiff Children's Health Defense, Inc. ("CHD"), Peter Cordi, Raelynne Miller, Kayla Mateo, Adriana Pinto, and Jake Bothe (collectively, "Plaintiffs"), through their undersigned attorney, respectfully request the Honorable Zahid N. Quraishi, U.S.D.J. enter an Order recusing himself pursuant to 28 U.S.C. § 455(a).

## STATEMENT OF FACTS AND THE LAW

This application is not undertaken lightly.

First, to be perfectly clear, this application is **_not_** based on any claim or suspicion that Judge Quraishi actually has a personal bias or prejudice against Plaintiffs or in favor of any adverse party.  *See* 28 U.S.C. § 144.  There is no reason to hold such suspicion and no such claim is made here.

Second, there is no reason to question Judge Quraishi's integrity, honesty, temperament or character.  He is a distinguished member of the Bar and of this Court with the distinct honor and achievement of being the nation's first Article III Muslim federal judge.  *See* Declaration of Counsel, Julio C. Gomez, filed contemporaneously ("Counsel Decl."), Ex. A, C, and D.  Judge Quraishi is also a decent human being.  As a federal judge, during a pandemic, he made time to teach trial presentation skills to students in person at Rutgers Law School.  Counsel Decl., Ex. C.

As admirable as Judge Quraishi's achievements and service are, however, until a few months ago he served as an adjunct professor of a university that is the

principal defendant in this case and taught under Rutgers' guidelines and restrictions concerning COVID-19, which are the subject matter of this case. Counsel Decl., Ex. A, C, E.  In fact, Your Honor taught at Rutgers Law School in the Spring of 2021: you were there in January when Rutgers announced it would not mandate COVID-19 vaccines, and you were there in March when President Holloway announced Rutgers would mandate COVID-19 vaccines for students, but not professors, in the Fall.  Counsel Decl., Ex. E.  Indeed, Rutgers' webpage indicating that Your Honor was an adjunct member of the faculty was not removed from Rutgers' website until only this week.  Counsel Decl., Ex. B.

According to 28 U.S.C. § 544(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Writing for the majority, Justice Scalia described this as a "catchall" recusal provision, "covering both 'interest or relationship,' and 'bias or prejudice' grounds… but requiring them *all* to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. U.S.*, 510 US 540, 548 (1994) (emphasis his).  Under Section 544(a), Justice Scalia concluded, "[q]uite simply and quite universally, recusal was required whenever 'impartiality might reasonably be questioned.'" *Liteky v. U.S.*, 510 US 540, 548 (1994) (emphasis his); *see also Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1120 (5th Cir. 1980) (reluctantly reversing judgment for

2

judge's failure to recuse), rehearing denied 613 F.2d 314, certiorari denied 449 U.S. 820; *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1361 (10th Cir. 1977) (reversing judgment and remanding to different judge).

The 1974 amendments to Section 544(a) transformed this into an objective standard for recusal. *Liteky* at 548; *Potashnick,* at 1110-111 (noting the removal of the words, "in his opinion" from the prior version of the statute).[1] "[T]he goal of the judicial disqualification statute is to foster the Appearance of impartiality." *Potashnick* at 1111. As the Fifth Circuit eloquently explained:

> This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the ABA Code of Professional Responsibility, stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence. As this court has noted, "the protection of the integrity and dignity of the judicial process *from any hint* or appearance of bias is the palladium of our judicial system." Any question of a judge's impartiality threatens the purity of the judicial process and its institutions.

*Id.* (emphasis added). As a result,

> [b]ecause 28 U.S.C. § 455 focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man,

---

[1] "According to the report of the House Judiciary Committee, the general standard of section 455(a) was designed to promote the public's confidence in the impartiality and integrity of the judicial process by saying, in effect, that if any reasonable factual basis for doubting the judge's impartiality exists, the judge "shall" disqualify himself and let another judge preside." *Potashnick* at 1111 (citing 1974 U.S.Code Cong. & Admin.News, pp. 6351, 6354-55).

3

> were he to know all the circumstances, would harbor doubts about the judge's impartiality. Note, *Disqualification of Judges and Justices in the Federal Courts*, 86 Harv. L. Rev. 736, 745 (1973).

*Id.* at 1111.  The question for the Court is whether a person on the street might reasonably question Judge Quraishi's impartiality in this case if he knew Judge Quraishi was a professor at Rutgers only a few months ago, wearing a mask and presumably complying with Rutgers' COVID-19 regulations and restrictions.

## ARGUMENT

The public significance of this case is monumental.

The issues raised in the case go to the heart of the rule of law – can a university disregard state and federal law?

Adjudication of this case may define the police power of the state in this country for decades to come – can a university coerce its students (and not professors) to undergo vaccination with experimental vaccines? What is the scope of a person's right to informed consent and to refuse such medical treatment?

This case also raises serious allegations about the relationship between Big Pharma and our cherished *alma mater*[2]: Rutgers was one of the first universities to announce that it would not require COVID-19 vaccines for students returning to campus, and just two months later, in an extraordinary about-face, became the first university in the nation to mandate them.  This case raises all of these issues at one

---

[2] Undersigned counsel also graduated from Rutgers Law School in 1998.

of the most profound moments in world history on behalf of students who have chosen not to vaccinate while the 24/7 media and elected officials blame the unvaccinated, are terminating them from employment and education, and casting them out of society.

Federal law and federal precedent tells us that the "appearance of impartiality is virtually as important as actual impartiality." *See Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1361 (10th Cir. 1977) (reversing judgment and remanding to different judge). Plaintiffs do not question Your Honor's impartiality. Judge Quraishi is a model new judge, and Plaintiffs applaud that Your Honor taught law students while serving as a Magistrate.

But, teaching at Rutgers -- deriving collegiality, prestige, income, favorable publicity, and the pleasure of being an alum 'who made it,'-- creates an appearance of potential bias, especially to Plaintiff students at Rutgers, and to millions of similarly situated students across the country. Few would question the need for recusal if a newly appointed judge were asked to resolve a dispute with the law firm he recently left. While the income differential is substantial between leaving a law partnership and an adjunct professorship, the problem remains: a member of the public could reasonably perceive that a judge might be biased in favor of his former and perhaps future professional home.

The fact that Judge Quraishi taught at Rutgers during the pandemic, necessarily upholding Rutgers' pandemic restrictions, furthers a reasonable *perception* that he might be likely to uphold Rutgers' vaccine restrictions as he adhered to masking (and presumably testing requirements, if Rutgers imposed them at the time he taught). Indeed, had Your Honor fundamentally disagreed with Rutgers' precautionary measures, presumably You could have discontinued teaching as an adjunct since it obviously was not Your Honor's primary source of income. Plaintiffs cannot so easily exercise the "choice" that Rutgers has put to them.

Plaintiffs may well be disappointed by another judge's views about this case. Plaintiffs may be making a mistake. Nevertheless, we are all in a fishbowl. This case will be scrutinized by people around the country and likely the world. Plaintiffs do not want anyone to be able to reasonably question the impartiality of the judge who will decide this case, no matter the outcome or whom it favors. Plaintiffs and defendants deserve a case where that cannot happen.

Regretfully, because a reasonable person could question the impartiality of a judge who taught at the defendant university only a few months ago, we ask for recusal.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request the Honorable Zahid N. Quraishi, U.S.D.J. enter an Order recusing himself pursuant to 28 U.S.C. § 455(a).

                                          Respectfully submitted.

September 3, 2021

                                          GOMEZ LLC
                                          ATTORNEY AT LAW
                                          By: *s/ Julio C. Gomez*
                                                  Julio C. Gomez, Esq.

                                          1451 Cooper Road
                                          Scotch Plains, NJ 07076
                                          Tel 908.789.1080
                                          Fax 908.789.1081
                                          jgomez@gomezllc.com
                                          *Attorney for Plaintiffs*