**FAEGRE DRINKER BIDDLE & REATH, LLP**
Jeffrey S. Jacobson
Andrew B. Joseph
Kristen N. Roshto
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360-9831 (fax)
Jeffrey.Jacobson@faegredrinker.com
Andrew.Joseph@faegredrinker.com
Kristen.Roshto@faegredrinker.com
*Attorneys for Rutgers, The State University of New Jersey, et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., PETER CORDI, RAELYNNE MILLER, KAYLA MATEO, ADRIANA PINTO, JAKE BOTHE, AND DOES 1-13,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, BOARD OF GOVERNORS, RUTGERS SCHOOL OF BIOMEDICAL AND HEALTH SCIENCES, CHANCELLOR BRIAN L. STROM, PRESIDENT JONATHAN HOLLOWAY, in their official capacities,<br><br>Defendants. | Civil Action No. 3:21-cv-15333-ZNQ-TJB<br><br>Civil Action<br><br>(Document Filed Electronically) |

**MEMORANDUM OF RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY,
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECUSAL**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1
FACTUAL BACKGROUND ................................................................................2
ARGUMENT ..........................................................................................................5
CONCLUSION .....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Jersey Asparagus Farms, Inc. v. Rutgers Univ.*,
   Civ. No. 10-2849 (FLW), 2011 WL 1584171 (D.N.J. Apr. 26, 2011) ................................................................................................. 5, 6

*Levitt v. University of Texas*,
   847 F.2d 221 (5th Cir. 1988) ................................................................. 7, 10

*Lunde v. Helms*,
   29 F.3d 367 (8th Cir. 1994) ........................................................................ 7

*Maurey v. University of Southern California*,
   12 F. App'x 529 (9th Cir. 2001) ................................................................. 8

*Meng Huang v. Ohio State Univ.*,
   Civ. No. 2:19-cv-1976, 2020 WL 8461547 (S.D. Ohio Oct. 26, 2020) ........................................................................................................ 8

*Muhammad v. Moore*,
   611 F. App'x 352 (7th Cir. 2015) ............................................................... 6

*Okpor v. Rutgers*,
   196 F. App'x 129 (3d Cir. 2006) ................................................................ 6

*Potashnick v. Port City Construction Co.*,
   609 F.2d 1101 (5th Cir. 1980) ............................................................. 9, 10

*Roe v. St. Louis Univ.*,
   746 F.3d 874 (8th Cir. 2014) ...................................................................... 7

*Royer v. Pennsylvania State Univ.*,
   No. 03:00-cv-290-KRG-KAP, 2012 WL 956422 (W.D. Pa. Feb. 28, 2012) .................................................................................................... 8

*Sessoms v. Trustees of the University of Pennsylvania*, Civ. No. 16-2954, 2017 WL 2242847, at *1 (E.D. Pa. May 23, 2017) .................... 7

# TABLE OF AUTHORITIES
(continued)

                    **Page**

*Sessoms v. Trustees of the University of Pennsylvania*,
  739 F. App'x 84 (3d Cir. 2018) .................................................................... 6, 7

*Shaw v. Temple Univ.*,
  Civ. No. 16-5567, 2017 WL 11612283 (E.D. Pa. Aug. 30, 2017) ..................... 7

*Webbe v. McGhie Land Title Co.*,
  549 F.2d 1358 (10th Cir. 1976) ........................................................................ 10

*Wu v. Thomas*,
  996 F.2d 271 (11th Cir. 1993) .......................................................................... 7

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 144 ........................................................................................................ 6

28 U.S.C. § 455 ........................................................................................................ 8

28 U.S.C. § 544(a) ................................................................................................... 1

N.J.A.C. § 8:57-6.4 .................................................................................................. 3

N.J.S.A. § 18A:61D-1 .............................................................................................. 3

**OTHER AUTHORITIES**

https://universitybusiness.com/state-by-state-look-at-colleges-
  requiring-vaccines/ (last visited Sept. 5, 2021) .................................................. 5

https://www.cdc.gov/mmwr/volumes/70/wr/pdfs/mm7032e4-H.pdf
  (last visited Sept. 5, 2021) ................................................................................. 3

Vaccination Requirement for Fall 2021 Semester, Seton Hall
  University, *available at* https://www.shu.edu/health-intervention-
  communication/vaccine-requirement-and-declaration.cfm (last
  visited Sept. 5, 2021) ......................................................................................... 5

## **INTRODUCTION**

No cause exists, pursuant to 28 U.S.C. § 544(a) or any other statute or principle, for the Honorable Zahid N. Quraishi ("Judge Quraishi" or "the Court") to recuse himself from this dispute between Rutgers, the State University of New Jersey ("Rutgers"), on one hand, and Children's Health Defense, Inc. ("CHD") and a handful of Rutgers students who have joined CHD in this lawsuit, on the other.

This Court is hardly the first to be assigned a case involving a university where the jurist serves or previously served as an adjunct law professor. Although Plaintiffs contend that Judge Quraishi's having previously lectured at Rutgers Law School requires recusal from this matter, they cite no authority supporting their extraordinary request, and none exists. Even more concerning, Plaintiffs' brief omitted mention of the numerous cases *denying* recusal motions in identical circumstances. Two of those examples involve Rutgers, with Chief Judge Wolfson deciding not to recuse herself from cases involving Rutgers. The Third Circuit Court of Appeals has twice upheld decisions by judges—one by Judge Wolfson, the other by a jurist in the Eastern District of Pennsylvania—not to recuse from cases involving universities where they served or were actively serving as adjunct law professors. Many other Courts of Appeals have issued similar rulings. This long line of precedents rejecting analogous recusal requests demonstrates that Plaintiffs' motion lacks support and does not present a close call: The Court should deny it.

## **FACTUAL BACKGROUND**

The Court knows the facts of this motion well, and they are not in dispute. On June 3, 2019, the United States District Court for the District of New Jersey appointed Judge Quraishi as a United States Magistrate Judge. For the Fall 2020 semester that began in September 2020, and again in the Spring 2021 semester that began in January 2021, Rutgers Law School appointed Judge Quraishi as a Part Time Lecturer to teach fewer than a dozen students a two-credit course in Trial Presentation, at a salary of $1,886 per credit. *See* Exs. C, E to Declaration of Julio C. Gomez ("Gomez Decl.," Dkt. Nos. 17-5, 17-7). On April 19, 2021, President Joseph R. Biden, Jr., nominated Judge Quraishi to become a United States District Judge. Judge Quraishi's Rutgers appointment as a Part-Time Lecturer ended shortly thereafter, at the close of the Spring 2021 semester, and was not renewed. The United States Senate confirmed Judge Quraishi's nomination on June 10, 2021, and Judge Quraishi received his commission as a District Judge on June 22.

When Plaintiffs filed this case last month, the Rutgers Law School website still listed Judge Quraishi as an adjunct professor. (Because Rutgers Law School had not updated the faculty directory, the site also still referred to Judge Quraishi as a Magistrate Judge). *See* Gomez Decl. Ex. A (Dkt. No. 17-3). Rutgers has since updated its website to reflect that Judge Quraishi no longer serves as a member of the adjunct faculty. *See id.* Ex. B (Dkt. No. 17-4). Plaintiffs do not dispute that

Judge Quraishi has no present teaching responsibilities at Rutgers Law School, and their recusal motion does not contend that whatever decisions Judge Quraishi may make in this matter would have any personal effects on him, financial or otherwise—other than the interest every New Jersey resident shares in protecting health and safety and putting the COVID-19 pandemic in the rear-view mirror.

Rutgers, like all other institutions of higher education in this state, is subject to N.J.S.A. § 18A:61D-1.  That law obligates Rutgers to require all students, "as a condition of admission or continued enrollment," to submit "a valid immunization record which documents the administration of all required immunizations against vaccine preventable disease [*i.e.,* measles, mumps, rubella, diphtheria, tetanus, etc.], or evidence of immunity from these diseases, in accordance with regulations promulgated by the Department of Health."  One such regulation, N.J.A.C. § 8:57-6.4, states that "[n]othing in this subchapter shall be construed as limiting the authority of a New Jersey institution of higher education to establish additional requirements for student immunizations or documentation that such institution shall determine appropriate and which is recommended by the [federal Advisory Committee on Immunization Practices or] ACIP."  ACIP recommends the three COVID-19 immunizations available in the United States—those manufactured by Pfizer-BioNtech, Moderna, and Johnson & Johnson/Janssen.  *See* https://www.cdc.gov/mmwr/volumes/70/wr/pdfs/mm7032e4-H.pdf (last visited

3

Sept. 5, 2021). Accordingly, the Department of Health's regulation facially authorizes Rutgers and all other New Jersey colleges and universities to require students to submit proof of one or these COVID-19 immunizations.

On or about March 25, 2021, Rutgers exercised this statutory and regulatory authority to add a vaccine to those that students must document having taken "as a condition of admission or continued enrollment." Rutgers advised Plaintiffs and their fellow students that for the Fall 2021 academic semester, they would have to submit proof of having received one of the three ACIP-approved COVID-19 immunizations or else obtain a lawful religious or medical exemption from doing so. News reports suggest that Rutgers may have been the first university in the country to announce such a mandate, but a vast number of other institutions of higher education have since done so, too. In New Jersey alone, Caldwell University, Drew University, Essex County College, Fairleigh Dickinson University, Kean University, Monmouth University, Montclair State University, Mount St. Mary's University, New Jersey City University, New Jersey Institute of Technology, Princeton University, Ramapo College, Rider University, Rowan University, Seton Hall University, Stevens Institute of Technology, Stockton University, and William Paterson University, which have the same statutory authority and obligations as Rutgers, have joined Rutgers in requiring students to submit proof of COVID-19 vaccination. *See University Business*, "State-by-state look at colleges requiring

COVID-19 vaccines" (Sept. 3, 2021), available at https://universitybusiness.com/state-by-state-look-at-colleges-requiring-vaccines/ (last visited Sept. 5, 2021); *see also* Vaccination Requirement for Fall 2021 Semester, Seton Hall University, *available at* https://www.shu.edu/health-intervention-communication/vaccine-requirement-and-declaration.cfm (last visited Sept. 5, 2021).

The issues presented by Plaintiffs' lawsuit, therefore, are **not** specific to Rutgers.  A ruling that New Jersey's statutory and regulatory scheme allowing colleges and universities to require vaccinations is somehow unconstitutional would affect all of these institutions equally.  This affects the recusal analysis because, if Plaintiffs' interpretation of recusal obligations is correct, any jurist that lectures or recently lectured at *any* of these schools could not preside in this case.  As explained below, however, Plaintiffs' argument is not correct.

## ARGUMENT

Plaintiffs do not want Judge Quraishi making the decisions in this case.  The sole basis for their motion seeking Judge Quraishi's recusal is his *former* service for one year as an adjunct professor at Rutgers Law School.  It is settled law, however, that this is not a basis for recusal.

Of course, Judge Quraishi is not the first New Jersey jurist to lecture at Rutgers Law School and to be assigned a case involving Rutgers.  In *Jersey*

5

*Asparagus Farms, Inc. v. Rutgers Univ.*, Civ. No. 10-2849 (FLW), 2011 WL 1584171, at *1 (D.N.J. Apr. 26, 2011), Judge Wolfson denied a motion for her recusal "based on [her] purported connections to Rutgers," including her husband's (and fellow judge's) position on the faculty, her having lectured at Rutgers Law School, and other ties.  Citing other cases involving law school lecturing by jurists, Judge Wolfson held that her "connections to the law school do not call for recusal under 28 U.S.C. § 144 because the law school connections are immaterial to the instant suit and they would not convince a reasonable man that a bias exists." *Id.* at *3.  Judge Wolfson referenced *Okpor v. Rutgers*, 196 F. App'x 129 (3d Cir. 2006), another case in which she denied a motion to recuse in a case involving Rutgers and where the Third Circuit upheld that decision.  The Third Circuit similarly upheld the denial of recusal in *Sessoms v. Trustees of the University of Pennsylvania*, 739 F. App'x 84, 90 (3d Cir. 2018), where a district judge sitting in Philadelphia was *currently* teaching classes as a member of Penn Law School's adjunct faculty.  The Third Circuit's decisions alone provide a sufficient basis for this Court to deny Plaintiffs' recusal motion.

Importantly, too, multiple United States Courts of Appeals have reached the same conclusion when judges denied recusal motions premised on their service as adjunct law professors at defendant universities.  In *Muhammad v. Moore*, 611 F. App'x 352, 355 (7th Cir. 2015), the Seventh Circuit held that formerly teaching at

6

the defendant University of Illinois' law school "f[e]ll far short of meeting th[e] standard" for recusal.  In *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014), the Eighth Circuit upheld denial of a motion to recuse where a judge had taught classes at the defendant's law school.  *See also Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (upholding denial of recusal in case involving University of Iowa where the judge had taught at the University's law school, especially because a judgment against the university would not have had any financial impact on the judge).  In *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993), the Eleventh Circuit agreed with a district judge's decision that "his status as an adjunct professor" would not cause a "reasonable observer [to] assume that [the Judge] had extra-judicial knowledge of the case or otherwise question [the Judge's] impartiality."  And, in *Levitt v. University of Texas*, 847 F.2d 221, 225 n.13 (5th Cir. 1988), the judge's wife was a student at the school, the judge was a double-alumnus of the school, and the law firm at which the judge previously worked had represented the school.  "None of th[ose] circumstances . . . rises to the threshold standard of raising a doubt in the mind of a reasonable observer as to [the court's] impartiality," and "[t]here was no duty on the judge's part to recuse himself."  *Id.* at 226.  It bears repeating that Plaintiffs cited none of these decisions in their recusal motion.

Within the Third Circuit, beyond the lower court in *Sessoms,* Civ. No. 16-2954, 2017 WL 2242847, at *1 (E.D. Pa. May 23, 2017), the court in *Shaw v. Temple*

7

*Univ.*, Civ. No. 16-5567, 2017 WL 11612283, at *1-*3 (E.D. Pa. Aug. 30, 2017), denied a motion for his recusal where he recently had served as an adjunct professor at Temple Law School and he and others in his family were Temple alumni. In *Royer v. Pennsylvania State Univ.*, No. 03:00-cv-290-KRG-KAP, 2012 WL 956422, at *2 (W.D. Pa. Feb. 28, 2012), the court held that "teaching at Penn State could not constitute a 'financial interest' that would have disqualified [a judge] under 28 U.S.C. § 455." The law on this subject, in other words, is quite clear.

One of the more detailed explanations of why service on a law school's adjunct faculty ***does not*** require recusal came in *Meng Huang v. Ohio State Univ.*, Civ. No. 2:19-cv-1976, 2020 WL 8461547, at *1 (S.D. Ohio Oct. 26, 2020). In *Meng Huang*, a magistrate judge rejected calls for her recusal based on her *current* status teaching "a single section of a one-credit class on Depositions" at the university. "[A] finding that recusal is required in this case would result in the creation, in the absence of any supporting case law or commentary, of what would amount to a rule of automatic recusal in every case involving the Ohio State University for judges who teach at the Moritz College of Law as adjuncts and on a part-time basis only." *Id.* at *2 (internal quotation and citation omitted). The judge distinguished holding a position as an adjunct professor from service on a University's governing body, which she believed would require recusal. *See id.* at *3. Even holding a supervisory position, moreover, does not necessarily require

8

recusal. In *Maurey v. University of Southern California*, 12 F. App'x 529, 532 (9th Cir. 2001), the Ninth Circuit upheld a judge's decision not to recuse even though he served "on USC Law School's Board of Councilors."

Plaintiffs' sole contention in this case is that the prestige associated with Judge Quraishi's prior service as a part-time lecturer of 10 students per semester, combined with the fact that Judge Quraishi was likely "wearing a mask," complying with Rutgers' other COVID-19 policies, and asking his students to follow those policies, too, while he was teaching, would cause a reasonable person to question Judge Quraishi's impartiality. Mot. at 4-6. As shown above, there is no legal support at all for Plaintiffs' position. Rutgers' research, in fact, has not revealed *any* cases in which a district judge's prior service as an adjunct professor at a university's law school, in a case where the outcome would have no financial or other impact on the jurist, led to recusal or raised even a serious doubt as to whether recusal might have been appropriate. Recusal is required only where the jurist's connections to the school are material to an issue in this lawsuit, the jurist has a financial interest in the case, or the jurist is part of the school's governing body or decision-making process. No such allegations have been made or could be made in this case.

Plaintiffs cite only two cases in their motion, neither of which comes close to resembling the facts presented here. In the first, *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1110 (5th Cir. 1980), the plaintiff's attorney was

9

simultaneously representing the presiding judge in "several unrelated matters," and the judge "was involved in [other] business dealings with the plaintiff's attorney," too. The judge's father also was the senior and named partner in the law firm representing the plaintiff. *See id.* No similar connections are at issue here. In *Levitt*, 847 F.2d at 226—one of the cases cited above involving a judge who served as an adjunct professor—the Fifth Circuit explicitly cited and distinguished *Potashnick*.

The only other case on which Plaintiffs rely is *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358 (10th Cir. 1976), which did not even involve an alleged conflict of interest. The trial judge demonstrated partiality by siding with a plaintiff before having read the key evidence and before having allowed the defendant's lawyer to address the court. After reversing summary judgment, the Tenth Circuit determined that "there is not a reasonable likelihood that the trial judge . . . could later preside over the trial of this matter in a fair and impartial manner." *Id.* at 1361. Here, of course, Plaintiffs have conceded "there is no reason to question Judge Quraishi's integrity, honesty, temperament, or character." Mot. at 1.

## CONCLUSION

Because Plaintiffs' recusal motion ignored controlling Third Circuit and District of New Jersey precedent that runs directly counter to their arguments and presented no case law or information supporting their extraordinary request for recusal, the Court should deny their motion.

Dated: September 6, 2021  Respectfully submitted,

*/s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson
Andrew B. Joseph
Kristen N. Roshto
**FAEGRE DRINKER BIDDLE & REATH, LLP**
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360-9831 (fax)
Jeffrey.Jacobson@faegredrinker.com
Andrew.Joseph@faegredrinker.com
Kristen.Roshto@faegredrinker.com