UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 21-15333 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon a Motion for Recusal filed by Plaintiffs Children's Health Defense, Inc. ("CHD"), Peter Cordi, Raelynne Miller, Kayla Mateo, Adriana Pinto, and Jake Bothe (collectively, "Plaintiffs"). (the "Motion", ECF No. 17.) Plaintiffs filed a Memorandum of Law in support of the Motion. ("Plaintiffs' Memorandum", ECF No. 17-1.) Defendants Rutgers, the State University of New Jersey ("Rutgers"), Board of Governors, Rutgers School of Biomedical and Health Sciences, Chancellor Brian L. Strom, and President Jonathan Holloway (collectively, "Defendants") opposed the Motion. (Opposition Brief, ECF No. 18.). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motion will be denied.

**I.     BACKGROUND**

On August 16, 2021, Plaintiffs filed a complaint seeking a declaration that the portion of Rutgers' COVID-19 policy requiring students to be vaccinated prior to returning to campus (the "Policy") is unlawful. (Complaint ¶ 1, ECF No. 1.) The Complaint spans seven counts and alleges

1

the Policy is "both illegal and unconstitutional" and coerces students to accept "an experimental COVID-19 vaccine" as a precondition for their return to campus. (*Id.* ¶¶ 1,3.)

On August 30, 2021, Plaintiffs filed an emergency motion seeking a temporary restraining order on behalf of Plaintiff Adriana Pinto. (ECF No. 10.) In response to the emergency motion, the Court conducted conference calls by telephone with counsel on August 31 and September 1, 2021. During those conferences, counsel for Plaintiffs raised a potential concern regarding the undersigned's connection to Rutgers, and sought leave to file a motion to recuse prior to the Court adjudicating the motion for a temporary restraining order. The Court granted Plaintiffs' leave to file the Motion and set a schedule for the parties' briefing. (ECF No. 16.) The Court now considers the Motion.

## II.     THE PARTIES' ARGUMENTS

### A.     Plaintiffs' Motion for Recusal

Plaintiffs begin by clarifying that the Motion is not premised on a belief that the undersigned "*actually* has a personal bias or prejudice against Plaintiffs or in favor of any adverse party." (Plaintiffs' Memorandum at 1)[1] (emphasis added.) Rather, they argue that the undersigned's adjunct faculty position at Rutgers Law School during the last scholastic year "creates an *appearance* of potential bias, especially to Plaintiff students at Rutgers, and to millions of similarly situated students across the country." (*Id*. at 5) (emphasis added.) A first aspect of Plaintiffs' concern, is a worry that the public—notably, Rutgers students and other students—could perceive a bias because the undersigned, while teaching, benefitted from the "collegiality, prestige, income, favorable publicity and the pleasure of being an alum 'who made it.'" (*Id*. at 5.) Seizing on the timing aspect, Plaintiffs also analogize the situation in this case to the common and

---

[1] For clarity, the Court cites to the parties' submissions by reference to their internal pagination rather than the one imposed by the District's CM/ECF system.

customary recusals made by newly appointed judges when presented with cases involving the law firms they just departed. (*Id.*)

A second aspect of Plaintiffs' concern is that the undersigned might be perceived to favor the Policy because he taught at Rutgers during the pandemic and at a time when Rutgers enacted its other COVID-19 policies. (*Id.* at 4,6). Moreover, the undersigned complied with them. (*Id.* at 6.) They contend that "[t]he fact that Judge Quraishi taught at Rutgers during the pandemic, necessarily upholding Rutgers' pandemic restrictions, furthers a reasonable *perception* that he might be likely to uphold Rutgers' vaccine restrictions as he adhered to masking (and presumably testing requirements, if Rutgers imposed them at the time he taught)." (*Id.*) According to Plaintiffs, if the undersigned had disagreed with the Policy, he would have discontinued teaching at the school. (*Id.*)

### B.  Defendants' Opposition

Defendants criticize the Motion as being unsupported by legal authority. (Opposition Brief at 1,9.) They cite a host of contradictory cases from the Third Circuit, the District of New Jersey, and other jurisdictions. (*Id.* at 5–9.) Based on their review of these cases, Defendants argue that "recusal is required only where a judge's connections to the school are material to an issue in the lawsuit, the jurist has a financial interest in the case, or the jurist is part of the school's governing body or decision-making process." (*Id.* at 9.) Defendants conclude none of the grounds alleged here warrant recusal. (*Id.*)

Finally, Defendants contend that the only two cases Plaintiffs cite are readily distinguishable. (*Id.* at 9-10.) Specifically, Defendants argue the *Potashnick* case is inapposite because it addressed an extraordinary situation where the plaintiff's attorney was simultaneously representing the presiding judge in other matters, the judge and the plaintiff's attorney had other

"business dealings," and the judge's father was a senior, named partner in the law firm representing plaintiff. (*Id.* at 10.) Defendants argue the second case Plaintiffs cite is further afield because it did not even involve a conflict of interest, rather it involved a judge who sided with a party prior to reading the key evidence or having heard from opposing counsel. (*Id.*) In sum, Defendants contend the Motion should be denied because Plaintiffs' arguments are devoid of legal support, the cases Plaintiffs do cite are easily distinguishable, and there is a host of authority contrary to Plaintiffs' position. (*Id.*)

### III.   LEGAL STANDARD

Recusal is within the discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985). Disqualifications of a federal judge are governed by 28 U.S.C. § 455. Under its first paragraph, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (citing *Alexander v. Primerica Holdings*, 10 F.3d 155, 164 (3d Cir. 1993)). In that case, the Court of Appeals further explained that:

> the hypothetical reasonable person under § 455(a) must be someone outside the judicial system because judicial insiders, "accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would."

*Id.* at 303 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Further, "[b]ecause [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to 'a reasonable person, with knowledge of all

4

the facts.'" *Jacobsen v. Hartford Ins. Co. Flood & Home (Sandy)*, Civ. No. 13-6910, 2017 WL 3749749, at *1 (D.N.J. Aug. 30, 2017) (quoting *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008)) (citation omitted).  Last, as a general matter, "[a] recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

## IV. ANALYSIS

The Court has reviewed the parties' submissions and the relevant case law.  As Defendants' point out, there is no shortage of authority on the issue of recusals from within this District and from the Third Circuit.  In a comparable case, *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, Chief Judge Wolfson denied a motion for recusal where the plaintiff argued that she should be disqualified based on her connections to Rutgers.  Civ. No. 10-2849, 2011 WL 1584171, at *1 (D.N.J. Apr. 26, 2011).  In support of its motion, the plaintiff had argued among other things that: (1) she was an alumna of both Rutgers University and its law school, (2) she had previously delivered the convocation address at Rutgers Law School, (3) she was featured on two separate webpages on Rutgers' website, and (4) one of her sons was also a graduate of the law school and her husband was an adjunct professor at the law school.  *Id.* at *2.

Judge Wolfson began by distinguishing between the law school and the undergraduate campus at issue before her.  *Id*.  Specifically, she explained that the challenged program was operated at "Cook College of Rutgers University's undergraduate campus" and that "no reasonable person in New Jersey would confuse Cook College . . . with the law school."  *Id.*  Judge Wolfson also highlighted that the law school and undergraduate campuses were at two different locations, and that each had its own distinct identity.  *Id.*  She also cited another decision from the Third Circuit as grounds for denial of the motion to recuse.  *Id.* at *3–4 (citing *Okpor v. Rutgers*, 196 F.

App'x 129 (3d Cir. 2006) (holding appellant presented insufficient grounds for Judge Wolfson to recuse herself from a case involving Rutgers University based on the facts that she hired "judicial interns from Rutgers School of Law, of which she is an alumnus, and her husband's employment by the State Attorney General's Office" because this information would not cause 'a reasonable man knowing all the circumstances . . . [to] harbor doubts concerning the judge's impartiality.'")) Ultimately in *Jersey Asparagus Farms*, Judge Wolfson held that her contacts did "not call for recusal under 28 U.S.C. § 455(a) because no reasonable person would conclude that [her] connections to the law school would call into question [her] impartiality with respect to the undergraduate institution." *Id.* at *3.

The Court finds the reasoning of *Jersey Asparagus Farms, Inc.* persuasive. The undersigned was an adjunct professor for only two semesters at the law school,[2] not the undergraduate institution. As noted in *Jersey Asparagus Farms, Inc.*, there is a distinction between the undergraduate institution and the law school. First, their campuses are in different locations. The law school where the undersigned taught is located in Newark, New Jersey, while the undergraduate campus is located in New Brunswick, New Jersey. No reasonable person could confuse the two different institutions. Second, and more importantly, the Policy at issue in this suit was announced, drafted, and executed by *Rutgers University*, not the law school.

To the extent that Plaintiffs believe the recency of the undersigned's adjunct faculty position at Rutgers Law School is troubling, the Third Circuit has already addressed this issue in another case. It affirmed a district judge's refusal to recuse herself where she was *currently*

---

[2] While the undersigned found highly rewarding the opportunity to interact with Rutgers's law students, a two-semester adjunct position teaching a ten-student class hardly qualifies as a substantial relationship. *See Estate of Grieco v. National Med. Consultants, P.C.*, Civ. No. 16-1959, 2018 WL 4562405, at *4 (D.N.J. Sept. 24, 2018) ("Were this insubstantial a relationship a basis for recusal, recusals would be legion, and there would be a veritable merry-go-round of transfers from one judge to another within the Court. Such disruption in the Court's discretion to manage its docket is not required by the recusal statute.").

teaching a class as an adjunct professor at the University of Pennsylvania School of Law. *Sessoms v. Trustees of the U. of Penn.*, 739 F. App'x 84, 90 (3d Cir. 2018) (emphasis added). In *Sessoms*, the appellant argued that a district judge's current employment as an adjunct professor at Penn's school of law gave rise to an appearance of impropriety. *Id.* The Third Circuit rejected appellant's argument and noted with approval the district judge's reliance on the Guide to Judiciary Policy:

> Where the party to a suit is a university, but not the employing law school itself, 'the judge should recuse (or remit) from cases involving the university . . . where the judge's impartiality might reasonably be questioned in view of the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related facts.

*Id.* at 90 (quoting Compendium of Selected Ethics Advisory Opinions, § 3.4-3(a)). The Third Circuit endorsed the judge's evaluation of the considerations and affirmed her decision.

The decision in *Sessoms* is likewise compelling here. The undersigned does not currently teach at the law school, and only did so for two semesters. Moreover, Rutgers University is akin to University of Pennsylvania insofar as both easily qualify as "exceptionally large, sprawling" institutions, a factor found important in *Sessoms*. *See* 739 F. App'x at 90. And as already noted, the Rutgers law school in Newark is independent insofar as it is both functionally and geographically distinct from the undergraduate campus in New Brunswick.

The Third Circuit is not alone in its view of recusals; other circuits have reached similar conclusions. *See, e.g., Wu v. Thomas*, 996 F.2d 271, 274–75 & n. 7 (11th Cir.1993) (per curiam) (holding that recusal was not required where "judge was alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets, and planned to create scholarship at the university."); *Harris v. Board of Sup'rs of Louisiana State Univ.*, 409 F. Appx. 725, 727–28 (5th Cir. 2010) (upholding denial of recusal motion filed by employment discrimination plaintiff who

7

formerly worked at the LSU Health Sciences Center where judge was a member of the LSU Law Center's board of trustees); *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014) (upholding denial of recusal motion in case brought by university student against the university, where the judge was an alumnus of the university and its law school and taught classes at the law school); *Maurey v. Univ. of So. Cal.*, 12 F. Appx. 529, 532 (9th Cir. 2001) (upholding denial of recusal motion in an employment case involving USC's School of Urban and Regional Planning despite the judge having served on the Board of Councilors at USC Law School); *Szeinbach v. Ohio State Univ.*, No. 08-822, 2015 WL 12991136, at *3 (S.D. Ohio July 8, 2015) (denying recusal motion in an employment case against university where judge served as an adjunct professor at law school and plaintiff previously worked at the college of pharmacy).

To the extent Plaintiffs here believe a judge's receipt of income from a university risks an appearance of bias, courts have found it insufficient as grounds for recusal. The trial court's decision in *Sessom* held "mere employment is not considered a financial interest for purposes of the statute." *Sessoms v. Trustees of Univ. of Pa.*, No. 16-2954, 2017 WL 2242847, at *2 (E.D. Pa. May 23, 2017), *aff'd sub nom. Sessoms v. Trustees of Univ. of Pennsylvania*, 739 F. App'x 84 (3d Cir. 2018); *see also Royer v. Pa. State Univ.*, No. 03:00-290, 2012 WL 956422, at *2 (W.D. Pa. Feb. 28, 2012) (being paid to teach at a university does not qualify as a "financial interest" that would require a judge to recuse himself under § 455); *Osei v. Temple Univ.*, 666 F. App'x 113, 116-17 (3d Cir. 2016) (affirming a trial judge's denial of a motion to recusal in a case where appellant argued that he had new evidence that the judge had a "prior pecuniary affiliation" with Temple University that prevented the judge from fairly deciding his underlying motion.).

As a separate issue, the Court notes that Plaintiffs seemingly conflate Rutgers' general COVID-19 policy with its mandatory vaccine policy, which is the subject of this suit. Plaintiffs'

8

attempts to link the undersigned's adherence to Rutgers' other COVID-19 policies and its mandatory vaccine policy at issue is tenuous at best. The two policies are distinct. The vaccine policy requires "all students planning to attend in the Fall 2021 semester [to] present evidence of COVID-19 immunization at least 2 weeks prior to coming onto campus for any reason, including but not limited to moving into a residence hall, attending campus classes, and/or entering any campus building." Complaint at n. 1 (appending a link to https://policies.rutgers.edu/view-policies/academic-%E2%80%93-section-10#3). The fact that the undersigned taught at Rutgers during the pandemic and adhered to the *masking policy*, does not raise a reasonable question regarding the Court's capacity to remain impartial while assessing the propriety of the *vaccine policy*.[3]

In short, the Court rejects Plaintiffs' arguments that any judge's prior teaching affiliation with their law school raises questions as to their impartiality in any case involving the same university, or that any judge's adherence to a masking policy raises questions as to their impartiality with respect to a challenge to a mandatory vaccination program. The Court finds that a reasonable person, with knowledge of all the facts, would not conclude that its impartiality might reasonably be questioned.

On a final and brief note, the Court would be remiss if it did not caution Plaintiffs' counsel with respect to the thoroughness of his submission on this motion. The Memorandum in support ignores a number of adverse authorities in this District and from the Court of Appeals. This is

---

[3] Plaintiffs were apparently aware the undersigned complied with masking requirements while teaching because they submitted and cite to advertisements for the undersigned's trial advocacy class with a photograph showing me wearing a mask. (Pl. Ex. C. to Decl. of Couns., ECF No. 17-5.) In the advertisement, Rutgers' Vice Dean also explained safety protocols such as social distancing in classes and sanitizing a classroom before and after class. (*Id.*) Notably absent from the Vice Dean's statement is any mention of a vaccine policy.

9

inconsistent with counsel's obligations under Rule 3.3 of the Rules of Professional Conduct. The Court trusts counsel will redouble his efforts to discharge his duties in the future.

## V. CONCLUSION

The Court finds that it can address this case fairly and impartially, and that there is no reasonable basis to conclude otherwise. Therefore, the Court will exercise its affirmative duty to keep this case on its docket. Plaintiffs' Motion for Recusal is denied. An appropriate order will follow.

s/ Zahid N Quraishi
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE
