**FAEGRE DRINKER BIDDLE & REATH, LLP**
Jeffrey S. Jacobson
Andrew B. Joseph
Kristen N. Roshto
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360-9831 (fax)
Jeffrey.Jacobson@faegredrinker.com
Andrew.Joseph@faegredrinker.com
Kristen.Roshto@faegredrinker.com
*Attorneys for Rutgers, The State University of New Jersey, et al.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., PETER CORDI, RAELYNNE MILLER, KAYLA MATEO, ADRIANA PINTO, JAKE BOTHE, AND DOES 1-13,<br><br>Plaintiffs,<br><br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, BOARD OF GOVERNORS, RUTGERS SCHOOL OF BIOMEDICAL AND HEALTH SCIENCES, CHANCELLOR BRIAN L. STROM, PRESIDENT JONATHAN HOLLOWAY, in their official capacities,<br><br>Defendants. | Civil Action No. 3:21-cv-15333-ZNQ-TJB<br><br>Civil Action<br><br>(Document Filed Electronically) |

**SURREPLY MEMORANDUM OF RUTGERS, THE STATE UNIVERSITY
OF NEW JERSEY, IN OPPOSITION TO PLAINTIFF
<u>ADRIANA PINTO'S MOTION FOR INJUNCTIVE RELIEF</u>**

## TABLE OF CONTENTS

**Page**

CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Mattern v. City of Sea Isle*,
 131 F. Supp. 3d 305 (D.N.J. 2015) ..................................................................................1

**STATUTES, RULES & REGULATIONS**

Local Civil Rule 7.1(d)(6) ......................................................................................................1

N.J.A.C. § 8:57-6.1, *et seq.* ...................................................................................................1

N.J.A.C. § 8:57-6.4(c) ....................................................................................................2, 3, 5

N.J.A.C. §§ 8:57-6.5 through 6.9 ..........................................................................................3

N.J.S.A. § 18A:61D-1 ............................................................................................................1

N.J.S.A. § 18A:62-15.1 ......................................................................................................3, 4

N.J.S.A. § 18A:62-15.1(a) .....................................................................................................4

Rutgers, the State University of New Jersey ("Rutgers") seeks leave, pursuant to Local Civil Rule 7.1(d)(6), to present this surreply memorandum of law because Plaintiff Adriana Pinto presented new legal arguments in her Reply Memorandum ("Reply," Dkt. No. 24).  *See generally Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 312 (D.N.J. 2015).  The Rutgers policy document at the heart of Ms. Pinto's motion—the policy requiring all students enrolling for Fall 2021 classes to submit proof of having received a COVID-19 immunization, or else to obtain a lawful exemption from doing so—explicitly cited N.J.S.A. § 18A:61D-1 and N.J.A.C. § 8:57-6.1, *et seq.*, as providing the legal authority for this step.  Ms. Pinto submitted that document to the Court as part of her request for injunctive relief.  *See* Ex. A to Declaration of Julio Gomez (Dkt. No. 10-3).  Yet, she waited until her Reply (at 9-12) to discuss those clearly relevant laws and regulations.  Rutgers requests this brief opportunity to address Ms. Pinto's new contentions about them.

As a starting point, the parties seem to agree that the State of New Jersey may lawfully require students at its public and private institutions of higher education to take immunizations as a condition of enrollment.  *See* Reply at 6 ("Plaintiffs are not arguing that . . . state legislatures cannot mandate compulsory vaccination . . . ."); *id.* at 9 ("[T]he Department of Health can mandate vaccines . . . .").  The parties further agree that our Legislature has exercised that authority by explicitly requiring colleges and universities to mandate certain vaccines.  *See id.* at 12 (enumerating

1

those requirements). Importantly, too, Ms. Pinto also does not dispute that she has complied with those mandates throughout her time as a Rutgers undergraduate.

N.J.A.C. § 8:57-6.4(c) then speaks for itself in stating that "[n]othing in this subchapter shall be construed as limiting the authority of a New Jersey institution of higher education to establish additional requirements for student immunizations and documentation that such institution shall determine appropriate and which is recommended by the [federal Advisory Committee on Immunization Practices,] ACIP." Ms. Pinto's Reply admits that "ACIP has recommended COVID-19 vaccines generally," *see* Reply at 13, and one can hardly dispute the vigor with which government at all levels is recommending widespread COVID-19 immunization. Nevertheless, Ms. Pinto disputes that the regulation explicitly recognizing Rutgers' "authority . . . to establish additional requirements for student immunizations" actually conferred upon Rutgers the authority to mandate COVID-19 immunizations, notwithstanding that they all are ACIP-recommended. *See id.* at 14.

Ms. Pinto argues, as a matter of *ipse dixit*, that N.J.A.C. § 8:57-6.4(c) is "cryptic" and does *not* actually allow colleges and universities to require "additional immunizations for students," as its text states. Reply at 10. Yet Ms. Pinto nowhere attempts to explain what this regulation means, if, as she claims, it means something else. Ms. Pinto's Reply set up a straw man, contending that the regulation does not "g[i]ve Rutgers *carte blanche* authority to unilaterally impose any new vaccine on

2

its student body it deemed appropriate." *Id.* Of course, Rutgers has never "claim[ed] it can mandate any vaccine, at any time," or anything similar. *Id.* at 9. All that is at issue here is the ability of Rutgers (or any other New Jersey college or university) to mandate an *ACIP-approved* immunization in response to a pandemic that, among its broad global public health and economic impacts, upended the last three academic semesters. If the "authority" to which N.J.A.C. § 8:57-6.4(c) refers does not extend to this immunization in this situation, it is no authority at all.

Ms. Pinto's Reply also seems to assume as a premise that this is the first time a New Jersey college or university has mandated a vaccine other than those that state regulations require of all New Jersey students. *See* Reply at 10. It is not. Regulations and statutes currently mandate only that institutions of higher education require measles, mumps, rubella, and hepatitis B immunizations, and (as of January 2020) a certain meningococcal immunization. *See generally* N.J.A.C. §§ 8:57-6.5 through 6.9; N.J.S.A. § 18A:62-15.1. Ms. Pinto's Reply (at 10) disclaims the existence of evidence that colleges and universities have long had ***and exercised*** their discretion to require other ACIP-approved vaccines, but such evidence abounds. For example, although Rutgers only recommends a tetanus immunization for students, other New Jersey colleges and universities tell students they *require* it.[1]

---

[1] According to their student health websites, the schools that mandate tetanus immunization include Princeton University, *see Required and Recommended Immunizations*, Princeton U. Health Servs., https://uhs.princeton.edu/medical-

3

From time to time, as Ms. Pinto's Reply (at 11-12) recognizes, colleges and universities have urged our Legislature to amend vaccination requirements for all students. As one example, prior to January 2020, New Jersey law only required meningococcal vaccination for students residing in dormitories. Ms. Pinto's Reply refers to the participation of Rutgers officials in efforts, after several instances of students contracting meningitis-B in 2016 and 2019, to convince the Legislature to amend the law to require *all* students to receive meningococcal vaccines. *See* Reply at 11-12. Ms. Pinto attempts to characterize the bill then under debate, which the Legislature passed and incorporated into N.J.S.A. § 18A:62-15.1 (*see* Act of Jan. 13, 2020, L. 2019, c. 332, § 1), as merely "*permit[ting]* colleges and universities to require meningococcal vaccines." Reply at 11 (emphasis added). Yet, that is not remotely what the statute says or does. The law requires that any "new student enrolling in a public or private institution of higher education in this State shall have received immunization for meningococcal disease as recommended by the [ACIP]." N.J.S.A. § 18A:62-15.1(a). Rutgers' testimony to the Legislature that it was good

---

services/immunizations-allergy-shots/required-recommended-immunizations (last visited Sept. 22, 2021); Fairleigh Dickinson, *see Immunization Requirements for Students*, Fairleigh Dickinson U., (June 1, 2019), https://www.fdu.edu/wp-content/uploads/2020/05/200509-immunization.pdf, and TCNJ, *see Pre-Entrance Health Requirements for Undergraduate Students*, C. of N.J., https://health.tcnj.edu/new-students/pre-entrance-health-requirements-undergrads/ (last visited Sept. 22, 2021). Fairleigh Dickinson and TCNJ also both require varicella immunization, while Rutgers recommends it.

public policy for *all* students at *all* schools to be immunized against this virus does not undermine the authority that N.J.A.C. § 8:57-6.4(c) confers upon each college and university to require any ACIP-approved vaccine for *its own* students.

Ms. Pinto devoted the rest of her Reply to her arguments that, even if Rutgers can require other students to receive a COVID-19 immunization, Rutgers cannot require this of *her* specifically because she has elected to take a class that the professor currently is teaching remotely. She asks that the Court allow her to procure for herself an exemption from the mandate based on her self-attestation that she will not come to the Rutgers campus. Rutgers addressed these issues at length in its opposition brief (*see* Dkt. No. 20 at 3-5, 12-21), and therefore disputes Ms. Pinto's new claim that Rutgers "d[id] not contest" her contention that it has "chilled" her "right to informed consent and to refuse unwanted medical treatment under the Due Process Clause." *See* Reply at 5. Ms. Pinto has not satisfied her burden of demonstrating a likelihood of success on the merits that Rutgers' policy interfered with her constitutional rights, and Rutgers has not "waived" its arguments in this regard, as Ms. Pinto claims. *Id.*

## CONCLUSION

For the reasons stated above, and in Rutgers' opposition brief, the Court should deny Ms. Pinto's motion for injunctive relief.

Dated: September 22, 2021    Respectfully submitted,

                                         */s/ Jeffrey S. Jacobson*
                                         Jeffrey S. Jacobson
                                         Andrew B. Joseph
                                         Kristen N. Roshto
                                         **FAEGRE DRINKER BIDDLE & REATH, LLP**
                                         600 Campus Drive
                                         Florham Park, New Jersey 07932
                                         (973) 549-7000
                                         (973) 360-9831 (fax)
                                         Jeffrey.Jacobson@faegredrinker.com
                                         Andrew.Joseph@faegredrinker.com
                                         Kristen.Roshto@faegredrinker.com