**FAEGRE DRINKER BIDDLE & REATH LLP**
Jeffrey S. Jacobson
Andrew B. Joseph
Kristen N. Roshto
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360-9831 (fax)
Jeffrey.Jacobson@faegredrinker.com
Andrew.Joseph@faegredrinker.com
Kristen.Roshto@faegredrinker.com
*Attorneys for Rutgers, The State University of New Jersey, et al.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, INC., PETER CORDI, RAELYNNE MILLER, KAYLA MATEO, ADRIANA PINTO, JAKE BOTHE, AND DOES 1-13, <br><br> Plaintiffs, <br><br> v. <br><br> RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, BOARD OF GOVERNORS, RUTGERS SCHOOL OF BIOMEDICAL AND HEALTH SCIENCES, CHANCELLOR BRIAN L. STROM, PRESIDENT JONATHAN HOLLOWAY, in their official capacities, <br><br> Defendants. | Civil Action No. 3:21-cv-15333-ZNQ-TJB <br><br> Civil Action <br><br> (Document Filed Electronically) <br><br> <u>Return Date:</u> **November 1, 2021** <br><br> **ORAL ARGUMENT REQUESTED** |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 10(a)

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................2

ARGUMENT...........................................................................................................3

    I.    This Case Does Not Present the Unique, Exceptional Circumstances Required for Anonymous Litigation. .........................3

    II.    The *Megless* Factors Weigh in Favor of Disclosure of Plaintiffs' Identity. ...............................................................................6

        A.    The Doe Plaintiffs Have Not Taken Steps to Remain Anonymous and Cannot Demonstrate a Unique or Particularized Harm That Prevents Them From Revealing Their Identity. ........................................................6

        B.    There is No Significant Public Interest in Maintaining the Doe Plaintiffs' Anonymity...................................................8

        C.    There is a Strong Public Interest in Knowing the Identity of the Litigants In This Case. ................................................11

    III.    Allowing Doe Plaintiffs to Proceed Anonymously Would Be Fundamentally Unfair to Rutgers. ...................................................12

CONCLUSION .....................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Allergan BIOCELL Prods. Liab. Litig.*,
   No. 19-MD-2921 (BRM) (JAD), 2020 WL 4745558 (D.N.J. Aug.
   17, 2020)......................................................................................................8

*Craig v. Harney*,
   331 U.S. 367 (1947)......................................................................................3

*Doe v. Boyertown Area Sch. Dist.*,
   897 F.3d 518 (3d Cir. 2018)........................................................................8

*Doe v. College of New Jersey ("TCNJ")*,
   No. 19-20674(FLW), 2020 WL 3604094 (D.N.J. July 2, 2020),
   *aff'd*, 997 F.3d 489 (3d Cir. 2021).......................................................3, 7, 8

*Doe v. Felician Coll.*,
   No. 2:18-CV-13539, 2019 WL 2135959 (D.N.J. May 15, 2019).......................6

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992)........................................................................4

*Doe v. Genesis HealthCare*,
   __ F. Supp. 3d __, 2021 WL 1599697 (E.D. Pa. Apr. 23, 2021) .......................8

*Doe v. Law Offices of Robert A. Schuerger Co.*,
   No. 17-13105 (BRM) (DEA), 2018 WL 4258155 (D.N.J. Sept. 6,
   2018) ............................................................................................................7

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011)...................................................................*passim*

*Doe v. Middlesex County*,
   No. 20-8625 (MAS) (ZNQ), 2021 WL 130480 (D.N.J. Jan. 14,
   2021) ............................................................................................................9

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Doe v. N.C. Cent. Univ.*,
   No. 1:98CV01095, 1999 WL 19398248 (M.D.N.C. Apr. 15, 1999) ................12

*Doe v. Porter*,
   370 F.3d 558 (6th Cir. 2004) .................................................................................4

*Doe v. Princeton Univ.*,
   No. 19-7853 (BRM) (TJB), 2019 WL 5587327 (D.N.J. Oct. 30,
   2019) ....................................................................................................................6

*Doe v. Regional Sch. Unit No. 21*,
   No. 2:19-341-NT, 2020 WL 2833248 (D. Me. May 29, 2020) ........................11

*Doe v. Rider Univ.*,
   No. 16-4882 (BRM), 2018 WL 3756950 (D.N.J. Aug. 7, 2018) ......................7

*Doe v. Rutgers*,
   No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021 (D.N.J. Apr. 30,
   2019) ....................................................................................................................8

*Doe v. Sessions*,
   No. 18-4 (RC), 2018 WL 4637014 (D.D.C. Sept. 27, 2018)............................11

*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) .............................................................................4

*Doe v. TCNJ*,
   997 F.3d at 496 ................................................................................................10

*Doe v. Temple Univ.*,
   No. 14-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014)....................... 10, 11

*Does 1-6 v. Mills*,
   No. 1:21-cv-242-JDL, 2021 WL 4005985 (D. Me. Sept. 2, 2021).............10, 12

*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) ...........................................................................4

# TABLE OF AUTHORITIES

(continued)

**Page**

*Harsman v. Cincinnati Children's Hosp. Med. Ctr.*,
   No. 1:21-cv-597, 2021 WL 4504245 (S.D. Ohio Sept. 30, 2021) ......................9

*Hencey v. United Airlines, Inc.*,
   NO. 21-601702-CIV-GAYLES/STRAUSS, 2021 WL 3634630
   (S.D. Fla. Aug. 17, 2021) ......................................................................................9

*James v. Jacobson*,
   6 F.3d 233 (4th Cir. 1993) ..................................................................................4

*K.W. v. Holtzapple*,
   299 F.R.D. 438 (M.D. Pa. 2014) ........................................................................7

*Klaassen v. Trs. of Ind. Univ.*,
   __ F. Supp. 3d __, 2021 WL 3073926 (N.D. Ind. July 18, 2021) ......................9

*M.M. v. Zavaras*,
   139 F.3d 798 (10th Cir. 1998) ............................................................................4

*Malibu Media, LLC v. Does*,
   No. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ........................7

*Maniscalgo v. N.Y. City Dep't of Educ.*,
   No. 21-cv-5055 (BMC), 2021 WL 4344267 (E.D.N.Y. Sept. 23,
   2021) ...................................................................................................................9

*Norris v. Stanley*,
   __ F. Supp. 3d __, 2021 WL 3891615 (W.D. Mich. Aug. 31, 2021) .................9

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980) ............................................................................................3

*Rose v. Beaumont Indep. Sch. Dist.*,
   240 F.R.D. 264 (E.D. Tex. 2007) .....................................................................12

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ...............................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Valdez v. Grisham*,
   __ F. Supp. 3d __, 2021 WL 4145746 (D.N.M. Sept. 13, 2021)..........................9

**Other Authorities**

Fed. R. Civ. P. 10(a) ..........................................................................................1, 3

## INTRODUCTION

Plaintiffs in this case are five people who sued using their real names and "Does 1-13," who did not.  These "Doe Plaintiffs," if they wished to remain anonymous, had to file a motion seeking the Court's leave to do so.  They did not.  Had they filed a motion, the Court would have been compelled to deny it.  The Third Circuit allows plaintiffs to sue using pseudonyms only in very narrow categories of cases, and this is not such a case.  The Court therefore should require the Doe Plaintiffs to comply with Fed. R. Civ. P. 10(a), as their co-Plaintiffs did.[1]  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

Suing anonymously requires exceptional circumstances.  To mask their real names, the Doe Plaintiffs must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  In Plaintiffs' Complaint, however, the Doe Plaintiffs did no more than speculate about retaliation or potential social stigmatization.  *See* Compl. ¶ 12, ECF No. 1.  These purported consequences are neither severe nor reasonable, as evidenced by the five named Plaintiffs who do not allege consequences from suing in their real names.  The Court should not permit pseudonymity here.

---

[1] Plaintiffs have advised Rutgers of their intention to file an Amended Complaint within the next several weeks and that the Amended Complaint will continue to include some number of Doe Plaintiffs.  This motion, therefore, should be unaffected by Plaintiffs' upcoming amendment.

## STATEMENT OF FACTS

Plaintiffs Children's Health Defense, Inc. ("CHD"), Peter Cordi, Raelynne Miller, Kayla Mateo, Adriana Pinto, Jake Bothe, and "Does 1-13" filed their Complaint on August 16, 2021. All Plaintiffs other than CHD allege that they are Rutgers students. *See id.* ¶ 12. They assert that Rutgers' requirement for all students either to receive a COVID-19 vaccination or to obtain a lawful exemption from that mandate violates the Constitution and state and federal laws. *See* Compl. ¶ 1.

Each Plaintiff, named and pseudonymized, pleads a unique set of factual circumstances. The Doe Plaintiffs' claims, Compl. ¶¶ 18-30, involve multiple requests for medical or religious exemptions, some of which the Complaint states already have been granted. *See, e.g.*, *id.* ¶¶ 18, 19, 22, 25, 28, 29. Some Doe Plaintiffs assert claims arising from Rutgers' decision to exclude them from university housing. *See id.* ¶¶ 18, 19, 22, 25, 26, 28, 29. Others allege that they requested exemptions but Rutgers had not yet responded to their request or asked them to submit additional information. *See id.* ¶¶ 20, 21, 23, 24, 27, 30. Rutgers has not been able to verify the Doe Plaintiffs' allegations because, with one exception, the Doe Plaintiffs have not identified themselves even to Rutgers.

Our judicial system assumes open and public judicial proceedings. It is Plaintiffs' burden to demonstrate an entitlement to withhold their names. The Doe Plaintiffs, however, did not file a motion seeking leave to proceed pseudonymously.

They alleged in the Complaint that they withheld their real names from the Complaint because they "fear ostracism and retaliation by Rutgers, the faculty, the student body, the media, and the public for exercising their rights."  Compl. ¶ 12.

## ARGUMENT

## I.   This Case Does Not Present the Unique, Exceptional Circumstances Required for Anonymous Litigation.

"A trial is a public event."  *Craig v. Harney*, 331 U.S. 367, 374 (1947). "[T]here is no special prerequisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it."  *Id.*; *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open.").  According to the Third Circuit in *Megless*, 654 F.3d at 408, "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts" and "defendants have a right to confront their accusers."  As stated recently by Chief Judge Wolfson in *Doe v. College of New Jersey ("TCNJ")*, No. 19-20674(FLW), 2020 WL 3604094, at *2 (D.N.J. July 2, 2020), *aff'd*, 997 F.3d 489 (3d Cir. 2021), "[t]he public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution."

Because of this presumption that judicial proceedings will be open, courts carefully limit the use of pseudonymity to "exceptional cases." *Megless*, 654 F.3d at 408. "That a plaintiff may suffer embarrassment or economic harm is not enough." *Id.* Rather, in *Megless*, the Third Circuit endorsed a multi-factor analysis to determine whether "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings" such that anonymity is appropriate. *Id.* at 409.[2] Those factors include:

(1)     the extent to which the identity of litigant has been kept confidential;

(2)     the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

(3)     the magnitude of public interest in maintaining confidentiality of the litigant's identity;

(4)     whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity;

---

[2] Multiple Courts of Appeals have adopted balancing tests similar to the *Megless* test. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

(5)   the undesirability of an outcome adverse to the pseudonymous party and attributable to the litigant's refusal to pursue the case at the price of being publicly identified;

(6)   whether the party seeking to sue pseudonymously has illegitimate ulterior motives;

(7)   the universal level of public interest in access to the identities of litigants;

(8)   whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identity; and

(9)   whether opposition to pseudonymity by counsel, the public, or the press is illegitimately motivated.  [*See id.*[3]]

Balancing these factors, and "acknowledg[ing] the thumb on the scale that is the universal interest in favor of open judicial proceedings," the Third Circuit affirmed that the plaintiff in *Megless*—who sought to remain anonymous because he alleged he was being falsely accused of pedophilia—could not proceed anonymously.  *Id.* at 411.  Rutgers submits that if the plaintiff in *Megless* could not remain anonymous on those facts, the Doe Plaintiffs here cannot do so, either.  If the

---

[3] Rutgers does not contend that the Doe Plaintiffs have illegitimate motives in seeking to sue pseudonymously.  It is unlikely, but unknown, whether the Doe Plaintiffs are public figures.

Doe Plaintiffs wish to challenge a vaccine mandate or related restrictions as unconstitutional, they must do so in their real names.

## II.   The *Megless* Factors Weigh in Favor of Disclosure of Plaintiffs' Identity.

### A.   *The Doe Plaintiffs Have Not Taken Steps to Remain Anonymous and Cannot Demonstrate a Unique or Particularized Harm That Prevents Them From Revealing Their Identity.*

The Doe Plaintiffs have offered no evidence that they have taken steps to keep their identity confidential, other than by suing anonymously, which does not suffice. *See Doe v. Felician Coll.*, No. 2:18-CV-13539, 2019 WL 2135959, at *3 (D.N.J. May 15, 2019) ("Ms. Doe does not allude to any efforts she has made to maintain her confidentiality, other than filing her complaint under 'Jane Doe.'").  Most of the Doe Plaintiffs have openly requested medical or religious objections from Rutgers' mandate, *see* Compl. ¶¶ 18, 19, 22, 25, 28, 29, but now refuse to tell Rutgers that they have taken the additional step of suing.

These Doe Plaintiffs cannot demonstrate a "severe harm" that would outweigh the public's strong interest in disclosure of their identities.  Their contention that the fear of "ostracism and retaliation by Rutgers, the faculty, the student body, the media, and the public for exercising their rights" is unreasonable and lacks any factual support in the record or otherwise.  *See Doe v. Princeton Univ.*, No. 19-7853 (BRM) (TJB), 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019) ("[F]ear of social stigma fails to outweigh the general interest in favor of open judicial proceedings.").

Further, Plaintiffs will be unable to cite case law supporting pseudonymity based solely on a fear of "ostracism." The potential for professional or social embarrassment never justifies pseudonymity. *See Megless*, 654 F.3d at 408; *Doe v. Law Offices of Robert A. Schuerger Co.*, No. 17-13105 (BRM) (DEA), 2018 WL 4258155, at *2 (D.N.J. Sept. 6, 2018) (requiring the plaintiff in a Fair Debt Collection Practices Act claim to disclose his real name despite his fear that his professional reputation would be tarnished if he were believed to have defaulted on financial obligations); *Doe v. Rider Univ.*, No. 16-4882 (BRM), 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018) (fear of social stigmatization as alleged perpetrator of sexual assault did not warrant anonymity); *Malibu Media, LLC v. Does*, No. 12-3896-MAS, 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012) (denying request to proceed anonymously where plaintiffs argued they would be "subject to humiliation and ridicule if their names appear next to the allegations in the Complaint"); *accord K.W. v. Holtzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014) (students' embarrassment and possibility of denial of future employment benefits based on disclosure of drug policy violations insufficient for anonymity).

In *Doe v. TCNJ*, for example, Chief Judge Wolfson determined that then-Magistrate Judge Quraishi did not abuse his discretion in denying the plaintiff's motion to proceed under a pseudonym in an employment discrimination suit. *TCNJ*, 2020 WL 3604094, at *4. In denying the motion, the court noted that all "[p]laintiff

ha[d] pointed to is her fear that her professional reputation would potentially be impaired by bringing th[e] suit." *Id.*[4]  Here, too, the Doe Plaintiffs have raised nothing more than speculative and non-specific fears of ostracism and retaliation. That does not suffice.  *See, e.g.*, *In re Allergan BIOCELL Prods. Liab. Litig.*, No. 19-MD-2921 (BRM) (JAD), 2020 WL 4745558, at *2 (D.N.J. Aug. 17, 2020) (plaintiffs failed to articulate a "fear of severe harm" because they "made their argument through generalizations and hypothetical situations, rather than focusing on any particular [p]laintiff's actual circumstances").

### B.    There is No Significant Public Interest in Maintaining the Doe Plaintiffs' Anonymity.

This case also does not involve matters that trigger a heightened public interest in maintaining the Doe Plaintiffs' anonymity.  *See, e.g.*, *Doe v. Rutgers*, No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) (allowing a victim of alleged sexual assault to proceed anonymously); *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 521 (3d Cir. 2018) (minor transgender students prohibited from using school facilities which align with their gender identities rather than birth-assigned sex); *Doe v. Genesis HealthCare*, __ F. Supp. 3d __, 2021 WL 1599697, at *3 (E.D. Pa. Apr. 23, 2021) ("[C]ourts in this Circuit have allowed anonymity due

---

[4] This Court's decision in *TCNJ*, which Chief Judge Wolfson affirmed, was reported at 2020 WL 360719 (D.N.J. Jan. 22, 2020).  As this Court wrote in *TCNJ*, plaintiffs must carry a heavy burden to overcome "our legal norms [and] contravention of the public's right to open judicial proceedings." *Id.* at *4.

to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals."). This case does not involve disclosure of sex-based victimization or revelation of a transgender person's status. In *Doe v. Middlesex County*, No. 20-8625 (MAS) (ZNQ), 2021 WL 130480 (D.N.J. Jan. 14, 2021), this Court permitted anonymity in a case brought by a detainee alleging mistreatment by corrections officers during her pregnancy and birthing experience where the plaintiff "show[ed] that her fear of severe harm by being retraumatized is reasonable." *Id.* at *4. The facts of this case are not similar to those in *Middlesex County*, either.

By contrast, there have been multiple challenges around the country to university and employer vaccine mandates pursued by plaintiffs suing in their real names. *See e.g.*, *Harsman v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:21-cv-597, 2021 WL 4504245 (S.D. Ohio Sept. 30, 2021); *Maniscalgo v. N.Y. City Dep't of Educ.*, No. 21-cv-5055 (BMC), 2021 WL 4344267 (E.D.N.Y. Sept. 23, 2021); *Valdez v. Grisham*, __ F. Supp. 3d __, 2021 WL 4145746 (D.N.M. Sept. 13, 2021); *Norris v. Stanley*, __ F. Supp. 3d __, 2021 WL 3891615 (W.D. Mich. Aug. 31, 2021); *Hencey v. United Airlines, Inc.*, NO. 21-601702-CIV-GAYLES/STRAUSS, 2021 WL 3634630 (S.D. Fla. Aug. 17, 2021); *Klaassen v. Trs. of Ind. Univ.*, __ F. Supp. 3d __, 2021 WL 3073926 (N.D. Ind. July 18, 2021). That these plaintiffs did not

even attempt to sue under pseudonyms further demonstrates the lack of need for pseudonymity in this case.[5]

Moreover, to the extent Doe Plaintiffs argue that disclosing their names would deter them from pursuing their case in court (the fifth factor), "no matter how sincere, a plaintiff's 'refusal to litigate openly by itself cannot outweigh the public's interest in open trials.'" *Doe v. Temple Univ.*, No. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014), *quoting Megless*, 654 F.3d at 410-11. The Doe Plaintiffs also cannot contend that requiring them to disclose their names would dissuade others from bringing similar lawsuits because five of their fellow Plaintiffs already have disclosed their names publicly in this case. *See Doe v. TCNJ*, 997 F.3d at 496 ("But, as we explained in *Megless*, that factor requires a showing that, if anonymity is denied, others similarly situated will be deterred from litigating claims the public would like to have litigated." (internal quotation and brackets omitted)).

---

[5] A small number of plaintiffs in vaccine mandate cases have sued pseudonymously. *See, e.g.*, *Does 1-6 v. Mills*, No. 1:21-cv-242-JDL, 2021 WL 4005985 (D. Me. Sept. 2, 2021). In *Mills*, the plaintiffs filed a motion seeking leave to remain anonymous, and the court granted them anonymity, <u>only through the preliminary injunction phase</u>, because of the "substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status." *Id.* at *2. The First Circuit, unlike the Third Circuit, has not adopted a balancing test for pseudonymity. *See id.* Rutgers respectfully submits that the court in *Mills* decided the pseudonymity issue contrary to what *Megless* requires. Further, the instant case already has moved beyond the phase of preliminary injunctive relief.

### C.      There is a Strong Public Interest in Knowing the Identity of the Litigants In This Case.

The public has a "strong interest in an open litigation process" such that "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'"  *Megless*, 654 F.3d at 408, *quoting Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Plaintiffs' case raises issues that are part of an ongoing national discussion regarding vaccine efficacy and safety.  Because these issues are the subject of public and media attention, there is a greater than usual public interest in knowing the identities of the litigants.  As the court recognized in *Doe v. Temple*:

> [John Doe] filed suit in federal court to seek his exoneration. Because "one of the essential qualities of a Court of Justice [is] that its proceedings should be public," Doe's choice comes with a consequence. The dispute, and Doe's name, will contribute to the current debate about sexual assault on college campuses.

2014 WL 4375613, at *2 (second alteration in original) (citation omitted).

To be sure, courts have held that plaintiffs may sue pseudonymously where confidential and sensitive medical diagnoses are involved.  *See, e.g.*, *Doe v. Sessions*, No. 18-4 (RC), 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (plaintiff feared public disclosure of his diagnosis of Asperger's Syndrome); *Doe v. Regional Sch. Unit No. 21*, No. 2:19-341-NT, 2020 WL 2833248 (D. Me. May 29, 2020) (plaintiff sought to keep confidential a history of sexual abuse and the mental health treatment

sought as a result).  These are tamong the cases cited by the plaintiffs in *Mills* in support of their request for pseudonymity, but they are readily distinguishable.  Here, Plaintiffs are disputing the safety and efficacy of vaccines that already have been taken by hundreds of millions of their fellow citizens and nearly all of their fellow Rutgers students.  The Court should not permit them to assert these claims behind an unnecessary and unjustified cloak of anonymity.

### III.   Allowing Doe Plaintiffs to Proceed Anonymously Would Be Fundamentally Unfair to Rutgers.

Plaintiffs do not meet the legal standard for anonymity under *Megless* and, just as fundamentally, "defendants have a right to confront their accusers." *Megless*, 654 F.3d at 408.  The Doe Plaintiffs chose to bring this lawsuit in a public forum and to accuse Rutgers and its officials publicly of violating their rights and discriminating against them.   Part of the "publicness" of judicial proceedings requires litigants to stand behind their allegations. *See, e.g.*, *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007) ("fundamental fairness" required that student who alleged she was sexually assaulted and accused educators of contributing to the assaults "not be allowed to cast aspersions against the public school system and its educators while hiding behind a pseudonym"); *Doe v. N.C. Cent. Univ.*, No. 1:98CV01095, 1999 WL 19398248, at *5 (M.D.N.C. Apr. 15, 1999) (denying motion to proceed under pseudonym where "it would be unfair to

Defendant to allow Plaintiff to make these charges publicly, through the media, while she hides 'behind a cloak of anonymity'").  The same is true here.

## CONCLUSION

For the foregoing reasons, Rutgers respectfully requests that the Court prohibit Doe Plaintiffs from proceeding anonymously in this matter, and compel them to reveal their identities.

Dated: October 8, 2021         Respectfully submitted,

*/s/ Jeffrey S. Jacobson*

Jeffrey S. Jacobson
Andrew B. Joseph
Kristen N. Roshto
**FAEGRE DRINKER BIDDLE & REATH, LLP**
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360-9831 (fax)
Jeffrey.Jacobson@faegredrinker.com
Andrew.Joseph@faegredrinker.com
Kristen.Roshto@faegredrinker.com