You're viewing an archived copy from the New Jersey State Library.

# NEW JERSEY REGISTER



## THE JOURNAL OF STATE AGENCY RULEMAKING

**VOLUME 21    NUMBER 22**
November 20, 1989    Indexed 21 N.J.R. 3585-3688
(Includes adopted rules filed through October 26, 1989)

---

MOST RECENT UPDATE TO NEW JERSEY ADMINISTRATIVE CODE: SEPTEMBER 18, 1989
See the Register Index for Subsequent Rulemaking Activity.

NEXT UPDATE: SUPPLEMENT OCTOBER 16, 1989

---

## RULEMAKING IN THIS ISSUE

### RULE PROPOSALS

Interested persons comment deadline .......................... 3586

**ADMINISTRATIVE LAW**
Transcripts of OAL hearings ............................................ 3587(a)
Withdrawal of request for hearing or defense raised ......... 3589(a)
**ENVIRONMENTAL PROTECTION**
NJPDES fee schedule for permittees and applicants .......... 3590(a)
Water supply allocation permits ..................................... 3594(a)
**HEALTH**
Newborn biochemical screening ..................................... 3633(a)
Birth defects registry ..................................................... 3636(a)
Hospital reimbursement: uncompensated care audit ......... 3638(a)
Hospital reimbursement: on-site audits ........................... 3639(a)
Hospital reimbursement: outside collection costs ............. 3639(b)
Megavoltage radiation oncology units: need review .......... 3640(a)
Hospital licensure: newborn care physical
  plant standards ........................................................... 3642(a)
**HIGHER EDUCATION**
Student immunization requirements ............................... 3605(a)
**INSURANCE**
Formation of property and casualty insurance
  corporation or reciprocal insurance exchange ................. 3607(a)
Credit for property/casualty reinsurance .......................... 3625(a)
Orderly withdrawal of insurance business ........................ 3622(a)
Product liability risk retention groups and purchasing
  groups ........................................................................ 3618(a)
Commercial Automobile Insurance Plan .......................... 3613(a)
**LABOR**
Worker Adjustment and Retraining Notification (WARN)
  procedures .................................................................. 3630(a)
**LAW AND PUBLIC SAFETY**
Motor vehicle race tracks ............................................... 3646(a)
Mortuary science: continuing education .......................... 3655(a)
Sellers of health club services: registration fee ................. 3657(a)
**PUBLIC UTILITIES**
InterLATA telecommunications carriers ........................... 3631(a)
**TRANSPORTATION**
Bus Operating Assistance Program ................................. 3633(a)

### RULE ADOPTIONS

**COMMUNITY AFFAIRS**
Department organization ............................................... 3658(a)
**ENVIRONMENTAL PROTECTION**
Solid and hazardous waste operations: licensing of
  individuals .................................................................. 3658(b)
**HEALTH**
Long-term care facilities: enforcement of staffing
  requirements .............................................................. 3663(a)
Local boards of health: basic educational program
  concerning HIV infection ............................................. 3663(b)
Interchangeable drug products .............................. 3664(a), 3665(a)
**CORRECTIONS**
Expungement or sealing of inmate records ..................... 3665(b)
**INSURANCE**
Property/liability claims settlement: administrative
  correction to N.J.A.C. 11:2-17.10 ................................. 3666(a)
Motor vehicle self-insurance ......................................... 3666(b)
Hospital workers' compensation: group self-insurance ..... 3668(a)
Reports to National Automobile Theft Bureau ................. 3668(b)
**LAW AND PUBLIC SAFETY**
Board of Dentistry licensure and registration fees ............ 3670(a)
Audiology and speech-language pathology: licensure ...... 3670(b)
**TRANSPORTATION**
Right-of-way acquisitions ............................................. 3671(a)

(Continued on Next Page)

STATE AGENCY RULEMAKING

# INTERESTED PERSONS

**Interested persons** may submit, in writing, information or arguments concerning any of the rule proposals in this issue until **December 20, 1989**. Submissions and any inquiries about submissions should be addressed to the agency officer specified for a particular proposal or group of proposals.

On occasion, a proposing agency may extend the 30-day comment period to accommodate public hearings or to elicit greater public response to a proposed new rule or amendment. An extended comment deadline will be noted in the heading of a proposal or appear in a subsequent notice in the Register.

At the close of the period for comments, the proposing agency may thereafter adopt a proposal, without change, or with changes not in violation of the rulemaking procedures at N.J.A.C. 1:30-4.3. The adoption becomes effective upon publication in the Register of a notice of adoption, unless otherwise indicated in the adoption notice. Promulgation in the New Jersey Register establishes a new or amended rule as an official part of the New Jersey Administrative Code.

## RULEMAKING IN THIS ISSUE—Continued

Bridge Rehabilitation and Improvement Bond Act rules ... 3674(a)
TREASURY-GENERAL/COMMERCE, ENERGY
AND ECONOMIC DEVELOPMENT
Registration as minority or female business:
   administrative correction ................................. 3674(a)
TREASURY-TAXATION
Local property tax appeals: administrative correction
   to N.J.A.C. 18:12A-1.6 ................................. 3674(c)
TURNPIKE AUTHORITY
Petitions for rules ................................. 3675(a)

### PUBLIC NOTICES

ENVIRONMENTAL PROTECTION
1989-90 NJPDES Annual Fee Report and Fee Schedule:
   public hearing ................................. 3676(a)
LAW AND PUBLIC SAFETY
Practice of optometry: petition for rulemaking concerning
   post-operative care ................................. 3676(b)
Contract carrier applicant ................................. 3676(c)
PUBLIC EMPLOYMENT RELATIONS COMMISSION
Interest arbitration: agency response to petition
   to amend N.J.A.C. 19:16-5.7 ................................. 3677(a)

CASINO CONTROL COMMISSION
Agent redemption of checks and counterchecks:
   rulemaking petition ................................. 3677(b)

INDEX OF RULE PROPOSALS
AND ADOPTIONS ................................. 3678

### Filing Deadlines

December 18 issue:
   Adoptions ................................. November 27
January 2, 1990 issue:
   Proposals ................................. December 1
   Adoptions ................................. December 8
January 16 issue:
   Proposals ................................. December 14
   Adoptions ................................. December 21
February 5 issue:
   Proposals ................................. January 5
   Adoptions ................................. January 12

**NEW JERSEY REGISTER**

The official publication containing notices of proposed rules and rules adopted by State agencies pursuant to the New Jersey Constitution, Art. V, Sec. IV, Para. 6 and the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. Issued monthly since September 1969, and twice-monthly since November 1981.

Material published in the New Jersey Register is the property of the State of New Jersey. However, it may be copied, reproduced or republished by any person for any purpose whatsoever without permission, providing that no such reproduction or republication shall bear the title "New Jersey Register" or "Official Rules Publication" without the written permission of the Director, Office of Administrative Law.

The New Jersey Register (ISSN 0300-6069) is published the first and third Mondays (Tuesday, if Monday is a holiday) of each month by OAL Publications of the Office of Administrative Law, CN 301, Trenton, New Jersey 08625. Telephone: (609) 588-6606. Subscriptions, payable in advance, are one year, $90 ($180 by First Class Mail); back issues when available, $10 each. Make checks payable to OAL Publications.

POSTMASTER: Send address changes to: New Jersey Register, CN 301, Trenton, New Jersey 08625. Second Class Postage paid in South Plainfield, New Jersey.

*The NEW JERSEY ADMINISTRATIVE CODE is published on a continuing basis by OAL Publications of the Office of Administrative Law. Subscription rates for this 42-volume, regularly updated set of State administrative rules are available on request. The Code is sold either in the full set or in one to five volumes depending on the Department coverage desired.*

Case 3:21-cv-15333-ZNQ-TJB   Document 42-4   Filed 01/11/22   Page 3 of 5 PageID: 731
You're viewing an archived copy from the New Jersey State Library.

PROPOSALS                    Interested Persons see Inside Front Cover                    HIGHER EDUCATION

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| iii. Ground and surface water diversions in which waters are returned undiminished to the source | $460 | $750 | $1440 | $1730 | $2020 | $2310 |

7:19-6.10 Water supply critical areas; general
(a)-(b) (No change.)
(c) Within water supply critical areas of the type described in (a)1 and 2 above, where it is necessary to balance competing needs, the Department may [reduce the privilege given to users to withdraw water, as previously allocated or authorized, and] require those users to substitute water from a reasonably available alternative source. To the extent practicable, all users shall equitably share the burden of [reductions and/or] costs of replacement supplies. Procedures set forth in N.J.A.C. 7:19-2 are applicable to reallocations.
(d) Within critical water supply areas of the type described in (a)2 and 3 above, the Department may require the following:
1. (No change.)
[2. Reduction in the amounts of water withdrawn by users;]
[3]2.-[5]4. (No change in text.)
(e)-(l) (No change.)

SUBCHAPTER 7. PROCEDURES FOR CONTRACT REVIEW AND APPROVAL

7:19-7.1 Scope
This subchapter prescribes the procedures which shall be followed by applicants applying for approval of contracts for the sale of water.

7:19-7.2 Appliability
This subchapter applies to contract arrangements between purveyors for the routine sale and purchase of water. Contract arrangements for emergency purposes are excluded.

7:19-7.3 Procedures for contract approval
(a) The applicant for approval of a contract shall be the party which is selling water.
(b) The applicant shall contact the Department in accordance with N.J.A.C. 7:19-1.7 to obtain application forms and other instructions necessary to file a complete application.
(c) The applicant shall follow the instructions to complete the application forms and shall submit the completed application with a copy of the contract to the Department.
(d) For new contracts, the contract and application forms shall be filed at least two months prior to the effective date of the contract.
(e) For all contracts which are in force as of the effective date of this subchapter, the applicant shall file an application and copy of the contract with the Department within six months after the effective date of this subchapter.
(f) The Department, upon receipt of the contract and application forms, shall review the material and determine whether the applicant has sufficient allocation to supply the buyer.

7:19-7.4 Appeal procedure
The applicant or any interested party who would be adversely affected by the Department's decision may request a hearing in accordance with N.J.A.C. 7:19-2.15.

# HIGHER EDUCATION

## (a)

**BOARD OF HIGHER EDUCATION**
**Immunization Requirements**
**Proposed New Rules: N.J.A.C. 9:2-14**
Authorized By: Board of Higher Education, T. Edward Hollander, Chancellor and Secretary.
Authority: N.J.S.A. 18A:61D-1.
Proposal Number: PRN 1989-617.

Submit comments by December 20, 1989 to:
Grey J. Dimenna, Esq.
Director of Governmental Affairs
Department of Higher Education
CN 542
Trenton, New Jersey 08625

The agency proposal follows:

**Summary**
These proposed new rules will implement the legislative mandate of N.J.S.A. 18A:61D-1 (P.L. 1988, c.158) requiring all undergraduate and graduate students under the age of 30 (as of 1987) and enrolled in a program leading to an academic degree to submit to their institution of higher education a valid immunization record as a condition of admission or continued enrollment. Institutions of higher education may exempt from this requirement any students who attended an elementary or secondary school located in New Jersey (students attending these schools had to comply with identical immunization requirements), any student whose religious beliefs do not permit immunizations and students for whom an immunization is medically contraindicated.

The Department of Health's Section on Communicable Disease and Epidemiology recommended the inclusion of specific technical immunization requirements in these rules. These call for proper immunization against three vaccine-preventable communicable diseases—measles, mumps and rubella—representing the most likely cases of epidemic on a college campus.

Institutions of higher education will be required to document proper immunization or exemption for all new or continuing students enrolled in programs leading to an academic degree as a condition of enrollment. The statute requires implementation effective September 1, 1989. Institutions are required to maintain a record of student immunization in hard copy format and keep it separately from other medical and academic records so they are accessible for use by public health personnel in the event of an outbreak of disease.

Annually, institutions will report summary numbers to the State Department of Health regarding the total enrollment, the number of exempted students and the number for whom required immunizations have been verified.

**Social Impact**
The proposed new rules will have a beneficial social impact by increasing the level of immunity to contagious disease and by facilitating efforts to reduce the likelihood of epidemics on New Jersey's college and university campuses. Recent experience in New Jersey high schools and colleges show that current students are not necessarily immune to either mumps or measles. As rubella epidemics have been documented on college campuses in New York, California, Washington and Massachusetts, it is important that New Jersey institutions be prepared in the event of an outbreak and New Jersey students be immunized for these contagious diseases.

**Economic Impact**
There is minimal economic impact to the students and a small impact to the institutions. The economic impact to the institutions will be the administrative costs of implementing this requirement. Many of New Jersey's institutions already require some immunizations and, as a result of a survey of these institutions, the Department found that most four-year and graduate institutions already have health facilities and personnel to monitor student immunization requirements. The administrative tasks required by the rules can be managed by a trained clerical worker. The Department of Health will assist the institutions initially by providing some training for staff to identify and maintain proper records.

Students who wish to attend a New Jersey institution of higher education and who have not been immunized for these contagious diseases will have to obtain the immunizations. Over 90 percent of New Jersey college students are State residents, who probably attended a New Jersey high school. Therefore, the majority of the students will be either exempt from or already in compliance with the requirements of these rules. The students most likely to be impacted are those from out-of-State or country. The current single dose cost for the combined MMR vaccine (measles-mumps-rubella) is $27.23, plus any additional service charge from a health

Case 3:21-cv-15333-ZNQ-TJB   Document 42-4   Filed 01/11/22   Page 4 of 5 PageID: 732

You're viewing an archived copy from the New Jersey State Library.

HIGHER EDUCATION                                                                                                    PROPOSALS

care provider. A vaccination against one of the three diseases given singly costs about $15.00. This expense is reasonable when balanced against the health risks associated with these contagious diseases.

**Regulatory Flexibility Statement**

A regulatory flexibility analysis is not required because the proposed new rules do not impose reporting, recordkeeping or other compliance requirements on small businesses. The rules set forth immunization requirements for students attending institutions of higher education in New Jersey.

**Full text** of the proposed new rules follows:

SUBCHAPTER 14.  IMMUNIZATION REQUIREMENTS

9:2-14.1  Applicability

This subchapter applies to every new or continuing full-time and part-time undergraduate or graduate student enrolled in a program leading to an academic degree at any public or independent institution of higher education licensed by the New Jersey Board of Higher Education.

9:2-14.2  Exemptions

(a) Students shall be exempt from immunization requirements for medical or religious grounds under conditions set forth in N.J.A.C. 9:2-14.7 and 14.8.

(b) An exemption may be made, in the discretion of an institution, for the following categories of students:

1. Each student born before 1957;

2. Each student who presents proof of having attended an elementary or secondary school located in New Jersey (such as the school record of immunization, transcript, or diploma). An institution which grants an exemption on this basis should still request that the student furnish a record of immunization in accordance with N.J.A.C. 9:2-14.6;

3. A student enrolled in a program for which students do not congregate, whether for classes or to participate in institution sponsored events, such as those in programs for individualized home study or conducted solely via electronic media.

(c) Nothing in these rules should be construed as limiting the authority of a New Jersey institution of higher education to establish additional requirements for student immunizations and documentation that it determines appropriate.

9:2-14.3  Required immunizations

(a) The following immunizations or proof of thereof shall be required pursuant to this subchapter:

1. Measles virus vaccine:

i. Each student shall document immunization of one dose of measles virus vaccine, live attenuated, or any vaccine combination containing measles antigen, that was administered after 1968 and on or after the student's first birthday.

ii. A student vaccinated with killed or an unknown vaccine prior to 1968 shall be revaccinated or produce laboratory proof of measles immunity.

iii. A student who presents serologic laboratory evidence of measles immunity shall not be required to receive measles vaccine.

2. Mumps virus vaccine:

i. Each student shall document immunization of one dose of mumps virus vaccine, live attenuated, or any vaccine combination containing mumps antigen that was administered on or after the student's first birthday.

ii. A student with a history of physician diagnosed mumps disease substantiated by a physician's statement shall not be required to receive a mumps vaccine.

iii. A student who presents serologic laboratory evidence of mumps immunity shall not be required to receive a mumps vaccine.

3. Rubella vaccine:

i. Each student shall document immunization of one dose of rubella virus vaccine, live attenuated, or any vaccine combination containing rubella antigen, that was administered on or after the student's first birthday.

ii. A student who presents serologic laboratory evidence of rubella immunity shall not be required to receive rubella vaccine.

9:2-14.4  Institutional responsibility for enforcement

(a) Each institution shall require acceptable evidence of immunization as a prerequisite to enrollment of each student who is not exempt from the requirements set forth in N.J.A.C. 9:2-14.2 in accordance with this subchapter.

(b) Each institution shall identify to the New Jersey State Department of Health an institutional official responsible for the administration and enforcement of this subchapter and for the maintenance of immunization records.

(c) Each institution shall establish policies and procedures to enforce student compliance with this subchapter within 60 days of enrollment.

9:2-14.5  Provisional admission

(a) A student may be admitted and enrolled into the institution on a provisional basis for his or her first term if required immunization documentation is not available at the time of registration.

(b) Prior to the second term, a student must present documentation or acceptable proof of immunity in accordance with the requirements of this subchapter or be reimmunized.

(c) In the event of a vaccine preventable disease outbreak, the institution may, in consultation with the State Department of Health, exclude each student with provisional status from attending classes and participating in institution sponsored activities until proof of adequate immunization is furnished (N.J.A.C. 8:57-1.7 and 1.8).

9:2-14.6  Documents accepted as evidence of immunization

(a) An institution shall accept the following documents as evidence of a student's immunization history provided the specific immunization and the exact date of each immunization administered is listed:

1. An official school immunization record or copy thereof from any primary or secondary school indicating compliance with the immunization requirements of N.J.A.C. 9:2-14.3;

2. A record from any public health department indicating compliance with the immunization requirements of N.J.A.C. 9:2-14.3; or

3. A record signed by a physician licensed to practice medicine or osteopathy in any jurisdiction of the United States or foreign country or other licensed health professional approved by the New Jersey State Department of Health indicating compliance with the immunization requirements of N.J.A.C. 9:2-14.3.

9:2-14.7  Medical exemption to immunization

(a) A student shall be exempt from receiving or documenting receipt of any required immunizations which are medically contraindicated in accordance with N.J.A.C. 9:2-14.2(a). The conditions which comprise valid contraindication to vaccine administration shall be those set forth within the most recent Recommendations of the Immunization Practices Advisory Committee published periodically by the Centers for Disease Control, Atlanta, Georgia 30333. Such students shall present a written statement from a physician licensed to practice medicine or osteopathy within the United States or another foreign country stating that a specific immunization is medically contraindicated for a specific period and the reasons for the medical contraindication which exempt a student from the specific immunization requirements of N.J.A.C. 9:2-14.3.

(b) Each institution shall maintain the written physician's statement as part of the immunization record and shall review it annually to determine whether the exemption shall remain in effect for the next year. When a student's condition for the medical contraindication no longer exists, the student must be immunized.

(c) In the event of a vaccine-preventable disease outbreak, the institution may, in consultation with the State Department of Health, exclude each student with a medical exemption to the specific relevant vaccine from attending class and other institution sponsored activities.

9:2-14.8  Religious exemption from immunization

(a) A student is exempt from documenting the required immunizations set forth in N.J.A.C. 9:2-14.3 if the student submits a written statement to the institution signed by the student and an official representative of the student's religious institution explaining how immunization conflicts with his or her religious beliefs and such statement is made a part of the student's immunization record.

Case 3:21-cv-15333-ZNQ-TJB   Document 42-4   Filed 01/11/22   Page 5 of 5 PageID: 733
You're viewing an archived copy from the New Jersey State Library.

PROPOSALS                    Interested Persons see Inside Front Cover                    INSURANCE

(b) In the event of a vaccine preventable disease outbreak, the institution may, in consultation with the State Department of Health, exclude each student with a religious exemption from attending class and other institution sponsored activities.

9:2-14.9 Institutional records required

(a) Each institution shall maintain a record of immunizations on each non-exempted student including those in provisional status, in accord with N.J.A.C. 9:2-14.6, and on each student described in N.J.A.C. 9:2-14.2(b)2 in a format specified by the New Jersey Department of Health Education, in consultation with the Department of Higher Education, which shall include the date of each required immunization.

(b) Each institution shall attach or reference statements pertaining to physician written medical exemptions, religious exemptions, laboratory evidence of immunity or a physician's diagnosis of mumps to this record.

(c) An institution shall maintain a complete hard copy set of immunization record forms separate from each student's academic, medical or personal records in a manner accessible to health officials to ensure the confidentiality of each student's other records.

(d) An institution shall, upon request of a student who is transferring to another institution, send the student's record of immunization with any attached statements or a copy thereof to the other institution.

(e) An institution shall, upon request, release to a student his or her immunization record or a copy thereof if the student graduates or leaves the institution for any reason.

(f) The institution shall maintain each student's immunization record for three years following a student's graduation, termination, transfer or departure from the institution.

9:2-14.10 Reports to be provided to the State of New Jersey

(a) Each institution shall send an annual report of the immunization status of their students to the State Department of Health in a form provided by the State Department of Health.

(b) Each institution shall include in this report all students who are covered by these rules and shall submit this report by December 1 of each respective academic year. The report shall document the total number of students attending the institution, the number and groups of students specifically covered by these rules, the number of students with medical exemptions, the number of students with religious exemptions and the number of students not receiving required immunizations.

9:2-14.11 Records available for inspection

(a) Each institution shall maintain centralized records of student immunization status available for inspection by authorized representatives of the State Department of Health, the local board of health in whose jurisdiction the institution is located, or representatives of the Department of Higher Education within 24 hours of notification.

(b) Authorized representatives will only review records to monitor compliance with these rules or in the event a vaccine preventable disease outbreak is threatening.

9:2-14.12 Providing immunization

(a) Each institution may administer the vaccines required by this subchapter to those students unable to obtain either acceptable vaccine documentation or the measles, mumps, or rubella vaccines from their own health care provider.

(b) In the event of an outbreak or a threat of an outbreak, each institution may administer the measles, mumps, and rubella vaccine or other immunizing agents to each student, other than a student exempt in accordance with N.J.A.C. 9:2-14.2, who are not covered by these rules when specifically authorized to do so by the State Department of Health.

9:2-14.13 Existing responsibilities of institutions and of the State in controlling communicable disease

(a) Each institution shall report the suspected presence of any reportable communicable disease to the local health officer in conformance with N.J.A.C. 8:57-1.2 and 1.5.

(b) In the event that an outbreak or threatened outbreak exists, the State Commissioner of Health, designated officers, or local health officers may issue either additional immunization requirements or modify these immunization requirements to meet the emergency. These additional requirements may include obtaining immunization documentation or requiring specific immunizations for each student not covered by these rules. Each student failing to meet these additional requirements may be excluded from attending classes and participating in institution sponsored activities until proof of adequate immunization is furnished (N.J.A.C. 8:57-1.7 and 1.8).

# INSURANCE

## (a)

### DIVISION OF FINANCIAL EXAMINATIONS AND LIQUIDATIONS

### Formation of a Domestic Property and Casualty Insurance Corporation (Stock or Mutual) or Reciprocal Insurance Exchange

### Proposed New Rules: N.J.A.C. 11:1-28

Authorized By: Kenneth D. Merin, Commissioner, Department of Insurance.

Authority: N.J.S.A. 17:1-8.1; 17:1C-6(e), 17:17-1 et seq., 17:46A-1 et seq., 17:46B-1 et seq. and 17:50-1 et seq.

Proposal Number: PRN 1989-613.

Submit comments by December 20, 1989 to:
   Verice M. Mason
   Assistant Commissioner
   Legislative and Regulatory Affairs
   Department of Insurance
   CN 325
   Trenton, New Jersey 08625

The agency proposal follows:

**Summary**

N.J.S.A. 17:17-1 et seq. sets forth the requirements for the formation of a domestic property and casualty insurance company in the State of New Jersey. N.J.S.A. 17:46A-1 et seq., 17:46B-1 et seq. and 17:50-1 et seq. provide additional requirements for the formation of mortgage guarantee insurance companies, title insurance companies and reciprocal insurance exchanges, respectively.

Pursuant to these statutes, the Department developed informal filing requirements providing for the submission of specified information by a proposed domestic property and casualty insurance corporation or attorney in fact representing a proposed reciprocal insurance exchange relating to its organization and proposed method of operation. This information must be received and approved before the Department will issue to an applicant a certificate of authority to transact property and casualty insurance. The Department has now determined to codify and clarify these requirements by proposing these new rules. This will ensure that the filing requirements for the formation of a domestic property and casualty insurer or reciprocal insurance exchange will be clearly and consistently set forth, thus streamlining the application process by ensuring that all applicants will be fully apprised of these requirements.

The proposed rules differ from the existing guidelines by requiring that more detailed information be filed and by providing a "four-tiered" application process rather than the "two-tiered" process currently utilized. Under the proposed rules, an applicant first submits a "feasibility study" containing specified information relating to the applicant's method of operation. A $1,000 filing fee must be included with the feasibility study to cover the costs of Department review of the documents submitted. Secondly, if the Commissioner determines that the operation of the applicant is feasible, pursuant to the feasibility study, the applicant must submit its by-laws, biographical information on its incorporators, directors and officers and its certificate of incorporation for review. The officers, directors and incorporators of the applicant are then subject to and must pay the costs of a criminal history records check pursuant to proposed N.J.A.C. 11:1-28.7. Finally, the applicant is subject to an organization exam conducted on the site of its place of business. The Commissioner may then issue a certificate of authority to the applicant as provided in proposed N.J.A.C. 11:1-28.9.