UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 12, 2022

## LETTER ORDER

Re: **Children's Health Defense, Inc. et al v. Rutgers et al**
    **Civil Action No. 21-15333 (ZNQ)**

Dear Counsel:

Pending before the Court is Defendants, Rutgers, The State University of New Jersey ("Rutgers"); the Rutgers Board of Governors; Rutgers School of Biomedical and Health Sciences; Rutgers' Chancellor, Brian L. Strom; and Rutgers' President, Jonathan Holloway's ("Defendants") Motion to Compel Plaintiffs to Comply with Federal Rule of Civil Procedure 10(a). Plaintiffs, Children Health Defense, Inc. ("CHD"), Peter Cordi, Raelynne Miller, Kayla Mateo, Adriana Pinto, Jake Bothe, ("Named Plaintiffs") and "Does 1-13" ("Doe Plaintiffs"), filed their Complaint on August 16, 2021. (Docket Entry No. 1.) All Plaintiffs, except for CHD, who brings this action on behalf of the student Plaintiffs individually named for the benefit of all others similarly situated (Docket Entry No. 35), allege that they are Rutgers students. (Docket Entry No. 35.) Plaintiffs claim that Rutgers' requirement for all students to either receive a COVID-19 vaccination or to obtain a lawful exemption from that mandate violates the Constitution and state and federal laws. (*Id.*) Both Named Plaintiffs and Doe Plaintiffs allege individual factual circumstances resulting from Rutgers' vaccination mandate. (*Id.*)

Doe Plaintiffs claim that they have withheld their identities because they "fear ostracism and retaliation by Rutgers, the faculty, the student body, the media, and the public for exercising their rights to the point that they have asked to proceed anonymously, for as long as the Court may

permit." (Docket Entry No. 35.) At the time of Defendants' Motion, Rutgers was unable to verify the allegations brought forth by Doe Plaintiffs because they refused to identify themselves, even to Rutgers. (Docket Entry No. 30.)

The Court fully reviewed and considered all arguments for and against the Motion and considered the Motion without oral argument pursuant to L.Civ.R. 78.1(b). For the following reasons, Defendants' Motion to Compel Plaintiffs to Comply with Federal Rule of Civil Procedure 10(a) is **GRANTED**.

In *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), the Third Circuit addressed the issue of whether a party may proceed anonymously. In its analysis, the Court relied on the notion that "Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public,'" and reasoned that "[i]dentifying the parties to the proceeding is an important dimension of publicness . . . ." because "[t]he people have a right to know who is using their courts," and "defendants have a right to confront their accusers." *Id.* at 408 (citations omitted). Thus, "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (citation omitted).

Notwithstanding the public's right to access judicial proceedings, in reviewing whether plaintiffs may proceed anonymously, the Court must determine whether "plaintiff[s] [present] a reasonable fear of severe harm meriting an exception to 'the public's common law right of access to judicial proceedings.'" *Doe v. Coll. of N.J.*, 997 F.3d 489, 494–95 (3d Cir. 2021) (citation omitted). Plaintiffs may do so by showing "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless*, 654 F.3d at 408.

The Third Circuit's examination of whether a party may proceed anonymously in *Megless* resulted in the endorsement of a multi-factor analysis which identifies factors both in favor of

2

anonymity and against anonymity. *Id.* at 494-95.

Factors in favor of anonymity include:

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (citations omitted).

The factors advising against anonymity include:

(1) the universal level of public interest in access to the identities of litigants;
(2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

The Court considers the *Megless* factors in determining whether Doe Plaintiffs may proceed anonymously. First, the Court addresses the six factors in favor of anonymity.

1. **The extent to which the identity of the litigant has been kept confidential:**

Doe Plaintiffs have kept their identities confidential since the inception of this litigation. Rutgers itself has admitted that it remains unable to verify the allegations brought forth by Doe Plaintiffs because they refuse to identify themselves. (Docket Entry No. 30.) Therefore, this factor weighs in favor of anonymity.

2. **The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases:**

In *Megless*, while assessing this factor, the Court considered "what harm is the litigant

3

seeking to avoid, and is the litigant's fear reasonable?" 654 F.3d at 410. Doe Plaintiffs allege that their "principal concern is social ostracism and retaliation." (Docket Entry No. 33.) Specifically, Doe Plaintiffs are concerned about public perception, including discrimination and harassment if their identifies are revealed. (*Id.*) Doe Plaintiffs rely on "derogatory comments on the Rutgers student newspaper['s] Instagram page," critical commentary about unvaccinated individuals on campus overheard by two Doe Plaintiffs, and general commentary from political figures, to substantiate their claims. (*Id.*)

Doe Plaintiffs' reliance on the aforementioned commentary, both within Rutgers and outside of Rutgers, is insufficient to demonstrate a reasonable bases upon which disclosure is feared. Doe Plaintiffs' reasoning is purely speculative. For example, this matter has been litigated with Named Plaintiffs. Plaintiffs have not provided the Court with any evidence that any of the Named Plaintiffs have experienced the "social ostracism and retaliation," feared by Doe Plaintiffs. Therefore, this factor weights against anonymity.

3. **The magnitude of the public interest in maintaining the confidentiality of the litigant's identity:**

In *Megless*, the Court analyzed this factor by assessing whether deprivation of anonymity will deter other similarly situated litigants from "litigating claims that the public would like to have litigated." 654 F.3d at 410.

Here, Doe Plaintiffs argue that "undesirable consequences will flow from revealing the identities of these litigants because" they belong to a "vulnerable" group that is being "excoriated and vilified by the media, organizations and even public figures who are not only condoning but encouraging exclusionary treatment and social ostracism." (Docket Entry No. 33.)

Nonetheless, individuals throughout the country are seeking legal relief from vaccine mandates enforced by universities and employers utilizing their real names. For instance, here,

4

Named Plaintiffs brought their claims together with Doe Plaintiffs without the "flow" of "undesirable consequences." (*Id.*) The inclusion of Named Plaintiffs demonstrates that similarly situated plaintiffs are not deterred from litigating without anonymity. Therefore, this factor weighs against anonymity.

4. **Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities:**

In *Megless*, while assessing this factor, the Court questioned whether the individual facts of the case were relevant to the outcome of the claim. 654 F.3d at 410.

Here, Plaintiffs have presented issues that are part of a national discussion regarding vaccine efficacy, vaccine safety, and the enforcement of vaccine mandates. Plaintiffs' claims are not fact specific because this action includes a number of Plaintiffs alleging similar claims. The ongoing national discussion surrounding this issue applies to millions of similarly situated Americans and creates a heightened public interest in Doe Plaintiffs' identities. Therefore, this factor weighs against anonymity.

5. **The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified:**

Regarding this factor, the Court in *Megless*, inquired as to whether the claim could "be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity." 654 F.3d at 410.

Here, four Doe Plaintiffs have withdrawn from the case due to an alleged fear of public disclosure. (Docket Entry No. 33.) Three of the remaining Doe Plaintiffs argue that they are prepared to withdraw from the case if the Court does not permit them to proceed anonymously. (*Id.*) In *Megless*, despite finding in favor of the doe plaintiff, the Court expressed that "a

5

plaintiffs[']  stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials."  654 F.3d at 410–11.

Doe Plaintiffs' refusal to openly litigate here, does not outweigh the public's interest in an open trial because their absence in this matter does not prevent the Court from addressing the merits of the claim.  Specifically, in Plaintiffs' Amended Complaint, they write that "this is an action to declare Rutgers' COVID-19 vaccine mandate unlawful."  Thus, even if Doe Plaintiffs' all refuse to openly litigate this matter, it will still be resolved on its merits through the remaining Named Plaintiffs.  Therefore, this factor also weighs against anonymity.

6. **Whether the party seeking to sue pseudonymously has illegitimate ulterior motives:**

The Court has not received any evidence which may indicate that Doe Plaintiffs are seeking to use a "pseudonym for nefarious reasons." *Megless*, 654 F.3d at 411.  Therefore, this factor weighs in favor of anonymity.

The Court will now address the factors advising against anonymity.

1. **The universal level of public interest in access to the identities of litigants:**

Here, the nature of the claims, including the ongoing public interest in COVID-19, results in the universal public interest in access to the identities of Doe Plaintiffs.  Therefore, this factor weighs in favor of disclosing the identities of Doe Plaintiffs.

2. **Whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained:**

Here, Doe Plaintiffs argue that they are not public figures and, as a result, there is no strong interest in their identities.  (Docket Entry No. 33.)  Although Doe Plaintiffs have not identified themselves as public figures, the subject matter of this litigation suggests that there may be a heightened interest in knowing the identities of Doe Plaintiffs.  Thus, this factor supports

6

disclosure of Doe Plaintiffs' identities.

   **3. Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated:**

Doe Plaintiffs admit that "there is no evidence or basis that opposition to the pseudonym by counsel or Defendants is illegitimately motivated." (Docket Entry No. 33.) Therefore, this factor weighs in favor of disclosing the identities of Doe Plaintiffs.

When the Court considers the *Megless* factors set forth above, the Court finds that on balance, they support the disclosure of Doe Plaintiffs' identities. Here, Doe Plaintiffs failed to present a reasonable fear of severe harm. Moreover, even if Doe Plaintiffs refuse to openly litigate this matter, this matter will proceed with Named Plaintiffs and the Court will address the merits of the claims. Thus, for the foregoing reasons, Defendants' Motion to Compel Plaintiffs to Comply with Federal Rule of Civil Procedure 10(a) is **GRANTED**.

   **IT IS SO ORDERED**.

           s/ Tonianne J. Bongiovanni
           **TONIANNE J. BONGIOVANNI**
           **United States Magistrate Judge**

**[Docket Entry No. 30 is terminated.]**