

faegredrinker.com

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

August 18, 2022

**BY ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court
for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Children's Health Defense, Inc. v. Rutgers, No. 3:21-cv-15333 (D.N.J.)

Dear Judge Quraishi:

This responds to Plaintiffs' counsel's letter dated August 16, 2022, in which Plaintiffs requested leave to file supplemental briefing to address (1) revised COVID-19 guidance issued on August 11, 2022, by the Centers for Disease Control and Prevention ("CDC"), which reiterated that "COVID-19 vaccines are highly protective against severe illness and death" and altered guidance with respect to masking and testing for persons exposed to COVID-19; and (2) Executive Order ("EO") 302, issued by Governor Philip D. Murphy on August 15, 2022, which as of September 1 will rescind three prior EOs.  Those earlier, soon-to-be-rescinded EOs collectively *require* "school districts," "child care settings," and "covered contractors" to maintain policies requiring their employees to be fully vaccinated or submit to weekly COVID-19 testing.  Beyond an unexplained statement that Defendant Rutgers, the State University of New Jersey ("Rutgers") "continue[s] to discriminate against unvaccinated students," and an unsupported assertion that Rutgers "does not have a rational basis" to continue its vaccine mandate and other unspecified policies, Plaintiffs' letter does not explain what purpose further briefing would serve.  For the reasons explained below, Rutgers respectfully opposes supplemental briefing.

Plaintiffs' First Amended Complaint ("FAC"), filed in August 2021, challenges Rutgers' policy, announced in March 2021, that "all students [must] vaccinate for COVID-19."  FAC ¶ 1. Secondarily, Plaintiffs' FAC contends that "Rutgers does not have the legal authority to mandate testing [for COVID-19] or mask wearing."  *Id.* ¶ 5.  Rutgers' vaccine mandate remains in place for the about-to-commence Fall 2022 semester.  Rutgers also continues to require everyone, regardless of vaccination status, to wear masks inside many university buildings (not including dormitories).  The August 11 CDC guidance and EO 302 do not change the legal fallacies of Plaintiffs' constitutional and statutory arguments against these prudent measures.  The new CDC guidance acknowledges that vaccinated persons may not be immune from *contracting* the most prevalent variants of COVID-19 but reiterates that vaccination greatly protects those infected against serious illness and potential death.  The CDC also continues to recommend indoor masking in areas of high transmission and masking of persons potentially exposed to COVID-19.

Hon. Zahid N. Quraishi, U.S.D.J. -2- August 18, 2022

EO 302 recognized the new CDC guidance that "local public health officials and jurisdictions are equipped with a host of COVID-19 prevention strategies and localized data to decide which mitigation protocols to use and when, based on COVID-19 Community Levels and setting-specific factors," and that "school districts and child care settings utilize COVID-19 mitigation protocols on a flexible basis." EO 302 thus removed certain *statewide* mandates, but made clear that "[n]othing in this Order shall prevent a school district or child care setting from maintaining a vaccination or testing policy implemented pursuant to" prior EOs. Neither the soon-to-be rescinded EOs nor EO 302 addressed higher education institutions explicitly, but certainly nothing in EO 302 limits Rutgers—a community larger than many New Jersey towns—from deciding "which mitigation protocols to use and when," based on its own "setting-specific factors."

As Rutgers' dismissal briefing made clear, every court to have considered the issue, including the United States Supreme Court, has held vaccine mandates to be subject to rational basis review. Rutgers continues to have a legitimate interest in protecting members of its broad community from serious illness by mandating COVID-19 vaccines. *See generally* Rutgers' Motion to Dismiss (Dkt. No. 39-1) at 11-22; Rutgers Reply Br. (Dkt. No. 43) at 2-9. N.J.S.A. § 18A:61D-1 obligates Rutgers to require every student to provide proof of certain vaccinations, and N.J.A.C. § 8:57-6.4 allows Rutgers to require other immunizations so long as they are "recommended by the [federal Advisory Committee on Immunization Practices, or] ACIP," as COVID-19 vaccines undisputedly are. These laws have not changed since the parties briefed Rutgers' motion. As for indoor mask mandates, courts have deemed them to be "not constitutionally problematic." *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021); *see* Rutgers Reply Br. at 3 & n.2.

If Plaintiffs truly believed that last week's CDC guidance and EO 302 breathe life into their universally rejected contention that university vaccine mandates or related pandemic mitigation policies fail rational basis review, one would have expected them to devote at least a sentence of their letter to *why* this allegedly is so. They did not. Indeed, Plaintiffs' letter does not even state which of the Plaintiffs in this case (if any) have enrolled in Rutgers classes for the Fall 2022 semester or explain how any of them potentially face "discrimination" based on their vaccination or exemption status. (Plaintiffs also have not yet complied with Magistrate Judge Bongiovanni's Letter Order—Dkt. No. 48—requiring them to amend their FAC to identify the "Doe" plaintiffs by name.) As a result, Plaintiffs have not identified any purportedly "new" issue affecting them that is ripe for the Court's consideration.

Rutgers respectfully requests that the Court grant its pending Motion to Dismiss. No further briefing on that motion is necessary. The Court addressed most of the relevant issues in its Opinion dated Sept. 27, 2021 (Dkt. No. 27), when it denied Plaintiffs' motion for injunctive relief. As noted, the legal basis for Rutgers to require COVID-19 vaccination remains unchanged.

Respectfully submitted,

*/s/ Jeffrey Jacobson*

Jeffrey S. Jacobson

cc: All counsel (via ECF)